**B. F. HUTCHINS, Jr., and Mamie Hutchins, husband and wife, Appellees,**

v.

**Weldon SMITH and Mary Smith, husband and wife, Appellants.**

**No. 47046.**

Court of Appeals of Oklahoma,
Division No. 1.

April 29, 1975.

Rehearing Denied June 17, 1975.

Certiorari Denied July 15, 1975.

Released for Publication by Order of Court of Appeals July 17, 1975.

Nicklas, Parrish, Saenz & Wade, by C. E. Wade, Jr., Lawton, for appellees.

Godlove, Joyner, Godlove, Garrett, Meyers & Davis, Inc., by Sam A. Joyner, Lawton, for appellants.

BOX, Judge:

An appeal by Weldon and Mary Smith, defendants in the trial court, from summary judgment entered in favor of appellees and plaintiffs below, B. F. and Mamie Hutchins.

Appellees brought this action to collaterally attack a default judgment entered against them and others in favor of appellants more than seven years ago. The prior judgment purported to bind an entire class of defendants. Appellees urge that the prior judgment is void because their interests were not properly represented by the class representatives and because they were not given notice of the proceeding as required by the due process clause of the Oklahoma and United States Constitutions. Appellants seek to uphold the prior judgment on the ground that the Oklahoma "class action" statute, 12 O.S.1971, § 233, does not require notice to members of the defendant class not served with process and it would be an improper usurpation of legislative power if the court were to require such notice. Appellants contend also that the class representatives named adequately represented the class as a whole and that the judgment entered in the prior action is now rés judicata to all class members. The issues emerge here from the following series of events:

On March 6, 1967, appellants brought an action seeking removal of certain plat restrictions in the Fields and Dunning Addition to the City of Lawton. Only seven individuals were named as defendants and served with process.

The members of the purported class, including appellees, that were not named as defendants in the action were not given any notice, either actual or constructive, of the pending suit. The seven defendants

named in appellants' petition were all personally served with a copy of the summons but, for reasons undisclosed by the record, none chose to defend the lawsuit. Consequently the trial court entered a default judgment in favor of appellants, declaring the plat restrictions void as to them and enjoining the "defendants and all others similarly situated" from attempting to enforce the plat restrictions. The court's Journal Entry recites that "there are sufficient defendants named herein to give proper representation as a class to all the property owners in the affected area."

Seven years after entry of the default judgment appellees' brought this action to enjoin appellants from violating the plat restrictions and to declare the prior judgment void. Appellees alleged that the judgment was void because it was obtained fraudulently by appellants and in violation of their rights to notice of the pendency of the action and adequate representation by the class representatives. The trial court granted summary judgment in appellees' favor. For the reasons stated herein the judgment will be affirmed.

The statute requires the pleader to meet two requisites to bringing a suit as a class action: (1) the action must involve a question of common or general interest of many persons; and (2) the parties affected must be so numerous that it would be impracticable to bring them all before the court. See State ex rel. Tharel v. Board of Com'rs of Creek County, 188 Okl. 184, 107 P.2d 542; Hall-Jones Oil Corp. v. Claro, 495 P.2d 858.

It is appellants' contention that one who sues on behalf of or brings an action against a class need only meet the two requirements of the statute in order to make a judgment res judicata as to absentee members of the class. Since the statute does not require notice to or adequate representation of the absentees, appellants urge none is required. There is simply no merit to this argument.

As the Supreme Court of the United States stated in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, at page 314, 70 S.Ct. at 657:

"An elementary and fundamental requirement of due process in *any proceeding which is to be accorded finality* is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (Emphasis added.)

The Oklahoma Supreme Court has observed that "Oklahoma has long recognized the Mullane doctrine." Bomford v. Socony Mobil Oil Co., 440 P.2d 713. We see no reason in law or logic why an exception to this doctrine should be accorded one who brings a suit against a class of defendants rather than an individual defendant. In the landmark case dealing with class actions, Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, the Supreme Court stated at page 42, 61 S.Ct. at 118:

"Here, as elsewhere, the Fourteenth Amendment does not compel state courts or legislatures to adopt any particular rule for establishing the conclusiveness of judgments in class suits; . . . nor does it compel the adoption of the particular rules thought by the Court to be appropriate for the federal courts. With a proper regard for divergent local institutions and interests, this Court is justified in saying that there has been a failure of due process only in those cases where it *cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it.*" (Emphasis ours.)

We conclude that the interests of absentee members of a class cannot be adequately protected unless the absentees are afforded notice of the same quality required to be given other interested parties under *Mullane* and subsequent cases. See Walk-

er v. Hutchinson City, 352 U.S. 112, 77 S. Ct. 200, 1 L.Ed.2d 178; Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255; and Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L. Ed.2d 732, where the court stressed that its holding was based not only on Fed.R.Civ.P. 23 but also on the due process requirements set down in *Mullane* and *Schroeder*.

Regardless of the financial burden occasioned in some instances by the necessity that adequate notice to absentee class members be given, they are no less entitled to fair notice than other interested parties. Indeed, in many instances they may be far more exposed to the risk of a depravation of their rights than interested parties in other proceedings. See Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857. The events giving rise to this controversy suggest the danger. Seven defendants were named to represent the class composed of all of the property owners in the Fields and Dunning Addition. The class members not named as defendants were given no notice whatsoever. Of the seven parties named in the suit and served with process, none appeared. A default judgment binding the entire class was consequently obtained by appellants, without the necessity of a hearing to determine the validity of their claim. The result, whether actuated by any misconduct of the parties or not, smacks of unfairness.

Absentees who are not given notice are likely to be absentees with interests poorly represented. If a class member is not aware of the suit he cannot avail himself of the right to make his own appearance in the action as an intervenor or to move that the court determine that the suit must fail altogether as a class action.

Since appellants failed to give notice to absentee members of the class they sought to bind, including appellees, we hold that the judgment obtained in the purported class action is void as to appellees. We do not reach the question of what form of notice would have been sufficient since none was given. However, we find the language in Bomford v. Socony Mobil Oil Co., supra, at page 718, apposite to questions of sufficiency of notice in class action suits:

". . . No rigid formula exists as to the kind of notice that must be given; the notice required will necessarily vary with circumstances and conditions, and in some instances, as in the case of missing or unknown persons, 'personal notice might not be reasonably possible.' But notice by publication is clearly insufficient with respect to one whose name and address are known or readily ascertainable from sources at hand. In other words, the requirements of due process are not satisfied unless due diligence has been exercised to find the whereabouts of the defendant."

The question of the sufficiency of notice to absentees must be resolved by the trial court, along with the other prerequisites to maintenance of class actions, as soon as practicable under the circumstances after commencement of the action.

Would the fact that appellees were adequately represented by the class representatives render the defective notice nonprejudicial error? Adequate representation of absentee members is of course a crucial requirement for a successful class action proceeding. As is true of many of its Field Code Kindred, 12 O.S.1971, § 233 is a codification of early equity law (See Board of County Com'rs of Creek County, et al., supra) and it has long been the rule in equity that representatives of the class must fairly represent the rest of the class members. See, "State Class Action: A Comparative Analysis," 60 Iowa L.Rev. 93; Restatement of Judgments § 116; 1 Freeman on Judgments § 436. The Supreme Court in Hansberry v. Lee, supra, makes it clear that adequate representation is likewise a requirement of due process in class suits in state courts.

**614**

There is some authority to the effect that there is no due process requirement of notice to absentees so long as their interests are adequately represented. See cases cited in Wright and Miller, *Federal Practice and Procedure: Civil* § 1786 and Note, Proposed Rule 23: Class Actions Reclassified, 51 Va.L.Rev. 629. The Supreme Court has rejected this contention with respect to federal procedure in Eisen v. Carlisle & Jacquelin, supra. The court hinged its rationale for this holding on the requirements of Rule 23 but it would likewise seem to rest on the requisites of due process. However, we need not decide whether adequate representation would render notice unnecessary in the present case because in the purported class action suit in controversy there was a manifest failure of adequate representation.

█ It is possible that the representatives of a class could enter a default judgment binding on the absentees in some instances. But certainly where notice has not been given to the other members of the class, the representatives would be powerless to effect such a result. To permit entry of a default judgment having res judicata effect as to absent members under such circumstances would be to offend the principles enunciated in Hansberry v. Lee, supra. Notice, in this instance at least, is an essential prerequisite to constitutionally sufficient representation.

█ Appellants gave no notice to absentees and the class representatives made no attempt to defend the action. Accordingly, the interests of absent members were inadequately represented and the judgment entered in that purported class action is void as to appellees for this reason as well.

The judgment of the trial court is affirmed.

Affirmed.

ROMANG, P. J. and REYNOLDS, J., concur.