**1330**

Harry H. REVELLE, Jr. and Phoebe J. Revelle, James A. Sullivan and Sue M. Sullivan, Robert W. Howell and Elizabeth M. Howell, D. Michael O'Neil and Patricia D. O'Neil, Robert L. Atkins and Manon T. B. Atkins, James C. Wommer and Barbara L. Wommer, Charles A. Keeler and Sharon D. Keeler, David H. Woods and Geneva Woods, Ronald W. Stalcup and Mary A. Stalcup, Walter Campbell and Paula Campbell, Gertrude Noel, Williard J. Winterstein, Jr. and Deborah I. Winterstein, Gene Thurman and Jan Thurman, Arthur Zeiner and Harriet Zeiner, Richard P. Sober and Luella Sober, Robert W. Richards and Marilyn T. Richards, Bruce L. Bunch and Janie N. Bunch, Jim D. Johnson and Susan K. Johnson, Oran J. Wallace and Vicki L. Wallace, Lowell Lenhart and Sharen A. Lenhart, John May and Jan May, Phillip R. Davis, Ross and Margaret Dixon, Paul G. Schmidt and Elizabeth R. Schmidt, Maude E. Steckler, and Vance F. Vankolken and Joanne Vankolken, Appellants,

v.

Gary JOHNSTON, Appellee.

No. 53946.

Court of Appeals of Oklahoma, Division No. 2.

July 14, 1981.

Rehearing Denied Sept. 4, 1981.

Certiorari Denied Nov. 2, 1981.

Released for Publication by Order of Court of Appeals Nov. 5, 1981.

Brian M. Dell, Oklahoma City, for appellants.

Jerry L. Hemry, John B. Heatly, Hemry & Hemry, Oklahoma City, for appellee.

BOYDSTON, Judge.

Landowners appeal from denial of temporary restraining order and judgment of trial court sustaining demurrer to petition seeking to restrain defendant's construction of

office building in violation of plat restriction limiting use of land to private dwellings.

Appellants are 50 residents (Residents) of University Addition to Oklahoma City (City). Gary Johnston (Defendant) is the owner of six lots in the same subdivision. These lots were restricted by original plat to residential use until 1973, at which time Defendant was sued by two couples who resided in the same subdivision. That suit sought to enjoin Defendant from violating the plat restriction and was purportedly brought on behalf of the couples and "others similarly situated." Defendant obtained judgment permitting commercial use. The judgment stated it was binding on the entire class, including the landowners who now bring this appeal and all other residents of the subdivision, even though they received no notice of the 1973 action.

The 1973 judgment is part of a series of related events which started when Defendant and others tried to change both the private plat restriction and the City zoning classification of his six lots from residential to commercial. The chronology of events began on October 16, 1973, when city council voted to rezone Defendant's lots from residential to commercial. When Residents vigorously protested this action, city council moved to reconsider. At about the same time, City refused to issue a building permit to Defendant. On November 7, 1973, City rescinded its previous ordinance, restoring the lots to their original classification. These decisions resulted in two appeals [1] to the Oklahoma State Court of Appeals, Division II in which the court held: (1) City can refuse to issue building permit, though application is otherwise valid, if it has pending zoning change which could change status of land; and (2) City may not rezone land without change of circumstances being shown.

In 1979, Defendant commenced construction of an office building and this suit was brought by Residents to stop that construction. Residents obtained a temporary restraining order which was dissolved after Defendant interpled the 1973 judgment. Trial court found the issue of whether the property could be commercially developed was res judicata and sustained a demurrer to the petition even though it had been amended to allege the 1973 judgment was fraudulently obtained by collusion between the parties to that action.

The principal issue raised by Residents on appeal is whether a judgment obtained against a class is binding on members of that class who have not been furnished notice of the proceedings. We hold such a judgment is void on its face and may be collaterally attacked.

I

■ We find this issue has been raised and decided in *Hutchins v. Smith*, Okl.Ct. App., 538 P.2d 610 (1975), wherein the Oklahoma State Court of Appeals, Division I, held the Oklahoma and United States Constitutions require proper legal notice be given to the members of the class sought to be bound by the judgment. Defendant argues that *Hutchins* does not apply because in that case the seven defendants defaulted whereas in the instant case the issues were theoretically litigated on the merits. We say "theoretically" because an examination of the court file in the 1973 action reveals something less than the usually spirited advocacy one would expect from litigation of this genre.

Suit was filed September 10, 1973. There followed a flurry of pleadings which included a demurrer, an answer, a reply, interrogatories and answers thereto, affidavits, and judgment—all completed by October 22, 1973. There is no record of any actual testimony other than the usual pro forma journal entry recitals. The journal entry recites: "The court is unaware of any recent efforts to enforce the plat restrictions against business activities within the immediate area of defendant's property by property owners in the addition." The

1. *Hayden et al. v. City of Oklahoma City*, Case No. 48,609 and *Hayden et al. v. Ron Mize*, Acting Superintendent, Oklahoma City Building Department, Case No. 47,141, were unpublished companion cases appearing at 47 O.B. A.J. 1648 (1976).

court took judicial notice of the "extensive commercial and business activities" and of the fact that not a single protest was filed "by anyone ... at ... hearings ... to have said property re-zoned." Court then granted judgment as prayed for in the "cross-petition" and permanently enjoined all landowners in University Addition from enforcing the plat restrictions. Bearing in mind that a veritable storm of indignant protest by the public was then swirling around city hall, we find this judgment to be incredible. We also note Defendant did not even file a cross-petition on which such relief could have been granted.

The attempt by Defendant to distinguish *Hutchins* is really an argument that no notice was required because the Residents had been "adequately represented." We find this premise to be generally untenable, particularly in a case where the foundation judgment used to bar Residents from their day in court has all the appearances of having been a "friendly suit."

## II

■ Residents also claim error by trial court in excluding a deposition taken in the present action from one of the original plaintiffs in the 1973 suit. The deposition was offered to prove the 1973 judgment was procured by collusion between the parties. It was offered to show one of the original plaintiffs in the 1973 action did not know the attorney of record who purported to represent him, did not recall filing suit, and actually appeared before the city council in 1973 *in support* of the proposed office building. Trial court sustained Defendant's objection to the deposition and it was excluded from the appeal record. The deposition was properly taken, filed of record and offered in support of this case. The court ruled it was not part of the record because it was not taken into consideration by the court in reaching its decision.

■ This issue is mooted by our decision, but we note, in any event, the trial court has no authority to make such a ruling.

Even though we see no useful reason for including the deposition, we construe the rules of court to define the official record as consisting of everything which is properly filed in the case, including depositions or documents offered for proof but rejected, or those properly filed in the case but not offered. While the rules of the supreme court allow the parties themselves to exclude from their designation of record any instruments they deem to be irrelevant to their appeal, the court retains the authority to order any portions of the record thereby excluded.[2] Whether a filed instrument should or should not be considered on appeal by this court is entirely a matter of concern to the appeals court. Nowhere is that authority delegated to the trial judge.

We hereby reverse the judgment of the trial court and remand for further proceedings in accordance with this opinion. The issues of attorney fees, costs at trial level and attorney fees for this appeal shall be reserved for determination by the trial court along with the primary factual determination of whether the plat restrictions should be enforced.

We assume that the office building has long since been completed and is now in use, thus obviating the issue as to temporary or permanent restraining order. However, whether the judgment on which the restraining order was dissolved was procured by fraud, as claimed, whether such fraudulent procurement caused damages to Residents, and whether, ultimately, the plat restrictions in fact had been waived by nonconforming usage are all unresolved factual matters reserved to the trier of fact.

Costs of this appeal are taxed against Defendant.

BACON, P. J., and BRIGHTMIRE, J., concur.

**2.** Rules of the Supreme Court of the State of Oklahoma, Rule 1.20, 12 O.S.1976 Supp., Ch. 15, App. 2.