In re ESTATE OF Esta Lee
WHITLOCK.

Jerry ENTERLINE, Mark Enterline,
and Nick Enterline, Appellants.

v.

Jerry HENNINGSEN, Executor for the
Estate of Esta Lee Whitlock, Appellee.

No. 66757.

Supreme Court of Oklahoma.

Feb. 2, 1988.

R. Scott Savage, James R. Miller,
Messrs. Moyers, Martin, Santee, Imel &
Tetrick, Tulsa, for appellants.

Dennis J. Downing, Charles Whitebook,
Tulsa, for appellee.

## MEMORANDUM OPINION ON CERTIORARI

OPALA, Justice.

Upon examination of appellee's petition and the appellants' answer, certiorari is granted, the opinion of the Court of Appeals is vacated, and this cause is remanded to the Court of Appeals, Division 4, with directions that it conduct another review of the record in this appeal and:

1) exclude from consideration any evidentiary material which, though on file in the office of the trial court's clerk, was not offered for admission in the trial proceedings that culminated in the decision under appellate scrutiny.

If deposition testimony on file in the office of the trial court's clerk was not offered during *any* trial proceedings, or if it was offered, rejected, re-offered for the record, and then found, on review, to have been correctly excluded, that deposition may not be considered as part of

the evidence in the case. *Only* that deposition testimony which was offered and properly admitted during the trial or hearings, or that which, though refused admission, was retendered by proffer and then found on appeal to have been improperly excluded may be deemed to form a part of the evidentiary record to be reviewed.[1] The court's opinion in *Revelle v. Johnston,* Okl.App., 635 P.2d 1330, 1332 [1981], is hereby overruled insofar as its language is in discord with the rule pronounced in this memorandum opinion; and

2) refrain from ordering the admission to probate of any prior testamentary instrument executed by the decedent, which was not propounded for probate in the trial court proceedings under review.[2]

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS VACATED; CAUSE REMANDED TO THE COURT OF APPEALS, DIVISION 4, FOR RECONSIDERATION OF THE RECORD WITH DIRECTIONS.

HARGRAVE, V.C.J., and SIMMS, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES and LAVENDER, JJ., dissent.

---

1. See *Frey v. Independence Fire and Cas. Co.,* Okl., 698 P.2d 17, 20 [1985]; *Eckel v. Adair,* Okl., 698 P.2d 921, 924 [1985]; *State ex rel. Department of Highways v. Lehman,* Okl., 462 P.2d 649, 650 [1969]; *In re Hess' Estate,* Okl., 379 P.2d 851, 859 [1963]; and *Owens v. Luckett,* 192 Okl. 685, 139 P.2d 806, 807 [1943].

2. On review of a probate matter the appellate court cannot assume greater jurisdiction over the case than that which the trial court was itself able to exercise. *Bryan v. Seiffert,* 185 Okl. 496, 94 P.2d 526, 531–532 [1939] and *Spain v. Kernell,* Okl., 672 P.2d 1162, 1165 [1983].