APACHE FIXTURES and Mid–Continent Casualty Co., Petitioners,

v.

William T. ERBY and The Workers' Compensation Court, Respondents.

No. 84302.

Court of Appeals of Oklahoma, Division No. 1.

March 28, 1995.

Rehearing Denied May 9, 1995.
Certiorari Denied July 13, 1995.

Brian A. Curthoys, Tulsa, for petitioners.

Thomas F. Birmingham, Oklahoma City, for respondents.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Claimant, William T. Erby, was injured on September 13, 1985, when his right hand was crushed in a large punch press, resulting in the loss of all four fingers on that hand. Claimant filed his Form 3 on October 1, 1985. He was determined to be permanently totally disabled by the trial judge on June 9, 1994. That determination was affirmed by a three-judge panel August 23, 1994. Petitioners bring this review proceeding asserting this determination was erroneous on two related grounds which are discussed in two propositions: first, it is contended the decision is contrary to Claimant's own deposition testimony that he was employed as a pastor of the Taft AME church in Taft, Oklahoma since November, 1992; and, second, the decision is based on a fatally flawed medical opinion that fails to take account of this employment as part of Claimant's history.

The first item Petitioners mention in this proceeding is the standard of review. They state the proper standard of review in this proceeding is *de novo* on the basis that *Loffland Brothers Co. v. Overstreet,* 758 P.2d 813, 817 (Okla.1988) reversed on other grounds, *Special Indemnity Fund v. Choate,* 847 P.2d 796, 810 (Okla.1993) allows or requires that standard when facts are presented by stipulation, depositions, and other documentary material, and thus the court is free to substitute its analysis of the record for the trial court's. *Loffland* is not a workers' compensation case. Indeed, *Loffland* states:

When facts are presented to the trial court by stipulation, depositions, and other documentary material, this court is free to substitute its analysis of the record for the trial court's analysis. Since there is nothing to weigh as to the credibility of the witnesses, as a court of first instance, we shall accordingly render such judgment as the trial court should have rendered.

*Loffland* cites only one case from the Oklahoma Supreme Court in this *century,* and that is *Rist v. Westhoma Oil Co.,* 385 P.2d 791 (Okla.1963). The *Rist* court's opinion, and its fourth syllabus, seem to clearly contradict the law that Loffland purports the case establishes. In *Rist,* there could have been no controversy as to the facts the decision was based upon, because the case was submitted on an *agreed statement of facts.* The Oklahoma Supreme Court opinion and the syllabus state:

Where a cause is submitted upon an agreed statement of facts it is the duty of this court on appeal to apply the law to such facts as a court of first instance and direct judgment accordingly.

The body of the opinion cites *Whitten v. Kroeger,* 183 Okla. 327, 82 P.2d 668 (1938); *Odom v. Turner, Sheriff,* 204 Okla. 370, 230 P.2d 487 (1951); *Landy v. First National Bank & Trust Co. of Tulsa,* 368 P.2d 987 (Okla.1962). These cases track the rule *Rist* applies, not the rule *Loffland* creates.

The correct standard of review in workers' compensation cases is the often cited rule found in *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). Our responsibility is simply to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies, but only for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence. By force of 85 O.S. § 26, all findings of fact made in the trial tribunal's decision under review are conclusive and binding unless they have been ascertained to lack support in competent evidence.

Petitioners' first argument revolves around the fact that 85 O.S.1991 § 3(12) speaks to inability "to earn any wages in any employment." Evaluation for permanent total disability can now be made only after consideration of Claimant's ability to earn any wages in any employment for which the worker is suited and reasonably fit. *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okla.1982), reversed on other grounds, *Special Indemnity Fund v. Choate,* 847 P.2d 796, 810 (Okla.1993). Petitioners contend Claimant was employed as a minister since November, 1992, (a year before the hearing) and cites the transcript for that fact. Examination of that transcript discloses the following: Claimant preaches on Sunday and receives $100.00 which is described as expense money. He expects this position to continue for "only a year". The church has no full time position. Claimant has inquired about full time employment and stated there is a degree requirement which he cannot meet with an eleventh grade education.

As a factual matter, the argument that Claimant admitted employment in his testimony must be rejected. There is no such testimony. Claimant testified he was given $100.00 a week expenses for preaching in a temporary capacity for which he is not educationally qualified. His testimony, as forwarded in the record on review, does not use the term employment. It is true the deposition of Claimant uses that term, but that deposition was not offered for admission at trial. Claimant is correct when he notes that depositions which have not been admitted into evidence in the trial court cannot be considered on appeal to establish a fact otherwise not disclosed by the evidence adduced in the trial proceeding. *Estate of Whitlock,* 754 P.2d 862 (Okla.1988).

The second proposition of error raised by Petitioners is that the tribunal erred as a matter of law in finding permanent total disability when the only medical report supporting that finding is fatally inaccurate because its history does not disclose this employment as a pastor. However, the evidence fails to disclose employment, as opposed to expense payments for temporary work which he was not qualified to do on a permanent basis. No error can be found in failing to include this as employment in the history. The question of a man's permanent disability is not to be determined solely by technical formulas defining percentages of disability, but is dependent to a large extent on the ability of the individual to perform continuously some substantially gainful occupation, notwithstanding his disability. *Special Indemnity Fund v. Washburn,* 722 P.2d 1204, 1209 (Okla.1986). Total permanent disability is not synonymous with total incapacity or total dependence, but means a lack of ability to follow continuously some substantially gainful occupation. Although it is not "absolutely essential" that the history given include all the facts the evidence tends to prove, it *is* essential that a doctor's opinion must be predicated upon a set of facts substantially in the nature disclosed by the evidence, failure in which renders the opinion incompetent and of no value. See, *Snow v. Kinta Stripping Co.,* 372 P.2d 34 (Okla.1962); *Acme Flour Mills, et al. v. Bray,* 185 Okla. 516, 94 P.2d 828 (1939). There is no evidence that Claimant is able to pursue continuously an occupation. The only evidence available to the tribunal is that Claimant is able to pursue an intermittent calling for which he is reimbursed his expenses. Both he and his wife testified that Claimant had not worked since the accident in 1985. Considering this fact, it is clear the tribunal's determination that Claimant was totally and permanently disabled is beyond the reach of this Court on review as that review has been illuminated in this opinion. The weight and

probative value of medical testimony is a factual determination to be made by the trial court. *City of Nichols Hills v. Hill,* 534 P.2d 931 (Okla.1976). The award of the three Judge panel is not subject to reversal on the two points of error raised by Petitioners, and thus the award is, and must be, Sustained.

SUSTAINED.

HANSEN, P.J., and JOPLIN, J., concur.