1998 OK CIV APP 68

**CITY OF NORMAN, Petitioner,**

v.

**Clifford John STEVES, Jr., and The Workers' Compensation Court, Respondents.**

**No. 90068.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 22, 1998.

Certiorari Denied May 12, 1998.

Michael Utter, Oklahoma City, for Petitioner.

Jeff H. Bryant, Norman, for Respondents.

### *OPINION*

GARRETT, Judge:

¶ 1   Respondent, Clifford John Steves, Jr. (Claimant), filed his Form 3 in the Workers' Compensation Court, alleging he sustained an accidental injury arising out of and in the course of his employment with Petitioner, City of Norman (Employer).   Claimant alleged he sustained an injury on May 12, 1995, to his left knee when a co-worker swung a trash can which slipped out of his hands and

struck him. Employer paid Claimant temporary total disability (TTD) benefits from December 1, 1995 to March 8, 1996, and the equivalent of TTD benefits, pursuant to 85 O.S. § 16(D), from March 8, 1996 to April 14, 1997. In an order filed April 17, 1997, the court sustained Claimant's motion for an extension of vocational rehabilitation benefits for an additional 52 weeks and ordered Employer to continue to provide Claimant with benefits under 85 O.S. § 16(D) during his rehabilitation period. The issue of permanent disability was reserved for future hearing.

¶2 Employer filed a notice of appeal with the Court *En Banc*. A three judge panel found the trial court's order was contrary to law and against the clear weight of the evidence, vacated the order and remanded to the trial court for the following:

I. For a finding of whether or not the Claimant is permanently totally disabled solely as a result of the injury which is the subject of the Claimant's underlying cause of action.

II. To conduct such proceedings and enter an order consistent with the findings and determinations made.

¶3 On remand, the trial court entered an order finding Claimant was permanently and totally disabled "as a result of this accident unless claimant can be restored to gainful employment through vocational rehabilitation services or training." The court again ordered Employer to pay the equivalent TTD benefits during the rehabilitation period pursuant to § 16(D), and sustained Claimant's motion for an extension of vocational rehabilitation benefits for an additional 52 weeks. This review proceeding followed.

¶4 Employer contends:

The trial judge's finding that Claimant is permanently totally disabled solely as a result of the May 12, 1995 accident is not supported by any competent evidence, and the order awarding Claimant weekly wage compensation equivalent to TTD during Claimant's vocational rehabilitation period under 85 O.S. § 16(D) is contrary to law.

¶5 "Permanent total disability" is defined under 85 O.S.Supp.1997 § 3(15)[1] as follows:

"Permanent total disability" means incapacity because of accidental injury or occupational disease to earn any wages in any employment for which the employee may become physically suited and reasonably fitted by education, training or experience, including vocational rehabilitation; loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall constitute permanent total disability;

¶6 Claimant's medical expert, Dr. M., testified Claimant sustained 36% PPD to his left leg due to the May 12, 1995 employment-related injury. His written report, attached to his deposition as Exhibit 2, refers to Claimant's 1973 non-employment related motorcycle accident in which Claimant broke his left leg. Dr. M. opined Claimant sustained 20% PPD to the left lower extremity due to the 1973 accident, and that the 36% PPD from the 1995 accident was over and above any prior impairment. However, it is clear from the report, and from his deposition, Dr. M. believed Claimant had recovered fully from the 1973 accident and had continued working without problems to his leg or knee until the 1995 injury at work. He testified: "And, in my opinion, I stated that if he *had* sustained any impairment prior and still had any, that it would be approximately 20 percent, which was of course over and above the 36 that I gave him." [Emphasis supplied.] Dr. M.'s opinion as to whether Claimant is physically capable of returning to any type of work for which he was suited by education, experience or training was as follows:

A. Well, that he was not able to return to any type of work that he'd done in the past, as we've already stated he'd been a sanitation worker for, what 13 years, which had required him getting off and on moving trucks, jumping, lifting, bending, squatting, and he simply would not be able to do this. I believe also the past examining physicians have stated basically the same, so.

Q. All right. Doctor, let's assume that Mr. Steves could not go through the reha-

---

**1.** This definition is identical to 85 O.S.Supp.1994 § 3(12), in effect at the time of Claimant's injury.

bilitation program he's currently attending or any other rehabilitation program. Do you have an opinion as to whether he would be permanently and totally disabled as defined by the workers' compensation laws of the State of Oklahoma?

A. Yes, in my opinion, he would be.

¶ 7 The question of a claimant's permanent disability is not to be determined solely by technical formulas defining percentages of disability, but is largely dependent on the individual's ability to perform continuously some substantially gainful occupation, notwithstanding his disability. *Apache Fixtures v. Erby,* 1995 OK CIV APP 53, 900 P.2d 462, citing *Special Indemnity Fund v. Washburn,* 1986 OK 46, 722 P.2d 1204. Permanent total disability is not synonymous with total incapacity or total dependence, but means a lack of ability to follow continuously some substantially gainful occupation. *Apache Fixtures v. Erby,* supra. The trial court's order was supported by the medical evidence.

¶ 8 85 O.S.Supp.1994 § 16(D), in effect at the time of claimant's injury, and significantly similar to the current statute, provides:

D. During the period when an employee is actively participating in a retraining or job placement program for purposes of evaluating permanent total disability status, the employee shall be entitled to receive benefits at the same rate as the employee's temporary total disability benefits computed pursuant to Section 22 of this title. No attorney fees shall be awarded or deducted from such benefits received during this period. All tuition related to vocational rehabilitation services shall be paid by the employer or the employer's insurer on a periodic basis directly to the educational facility attended by the employee.

¶ 9 In our view, § 16(D) applies to the period of time prior to a final adjudication as to a claimant's permanent total disability, i.e., while PTD status is *being evaluated.* In following the decision of the Court *En Banc,* on remand the trial court found Claimant was presently PTD as a result of his work-related injury. However, in doing so, the

trial court obviously acknowledged the possibility of improvement through the vocational rehabilitation approved by the court. Thus the PTD determination was both temporary and conditional. This was proper. The ultimate and final determination of Claimant's PTD status is to be determined at the end of the vocational rehabilitation period. In other words, Claimant's PTD evaluation is ongoing, and § 16(D) applies. If Claimant fails to actively participate in the retraining or job placement program as contemplated by § 16(D), or if the program expires, further action in the Workers' Compensation Court will be necessary. Until then, Claimant is entitled to continue the vocational rehabilitation ordered by the trial court, and to receive the benefits ordered, pursuant to § 16(D).

¶ 10 Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. We hold the order of the trial court as to Claimant's PTD as a result of his 1995 work-related injury is supported by competent evidence, and the order is not contrary to law. The trial court's order as to payment of TTD benefits under § 16(D) during rehabilitation is appropriate, and is sustained.

¶ 11 **ORDER SUSTAINED.**

JOPLIN, P.J., and CARL B. JONES, V.C.J., concur.

