1998 OK CIV APP 114

**David Guy KOCH, Petitioner,**

v.

**CRI FEEDERS, The State Insurance Fund and the Workers' Compensation Court, Respondents.**

**No. 90845.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 23, 1998.

---

Wayne Olmstead, Laverne, for Petitioner.

D. Craig Johnston, Oklahoma City, for Respondents.

## OPINION

ADAMS, Judge.

¶ 1 Claimant David Koch was injured in two separate incidents arising out of and in the course of his employment with CRI Feeders (hereafter Employer collectively with its insurer, the State Insurance Fund). Claims for both injuries were consolidated for trial, and the Workers' Compensation Court entered an order awarding Claimant

permanent partial disability benefits and ordering a vocational rehabilitation evaluation.

¶ 2 After the evaluation, Employer agreed to pay Claimant's expenses for a vocational rehabilitation retraining program which was to last two years. Claimant requested temporary total disability benefits during the period he was participating in the retraining program. When Employer declined to pay those benefits, he filed a request for hearing. After hearing, the trial judge concluded he was not entitled to those benefits because he was not participating in the retraining program "for purposes of evaluating permanent total disability status."[1] Claimant filed an *en banc* appeal, but the three-judge panel did not disturb the trial judge's order.

¶ 3 In this review proceeding, Claimant argues he was entitled to temporary total disability benefits during the time he was participating in the retraining program, citing 85 O.S.Supp.1993 § 16(D). As pertinent here, § 16(D) states:

> During the period when an employee is actively participating in a retraining or job placement program for purposes of evaluating permanent total disability status, the employee shall be entitled to receive benefits at the same rate as the employee's temporary total disability benefits computed pursuant to Section 22 of this title.

Under the view of the Workers' Compensation Court, as is argued by Employer, entitlement to temporary total disability benefits under this section arises only when a claimant is participating in a retraining or job placement program to determine whether the claimant is permanently totally disabled.

■ ¶ 4 According to Claimant, this section must be interpreted to mandate temporary total disability benefits during the period a claimant is actively participating "in either retraining or . . . a job placement program for purposes of evaluating permanent total disability status." Claimant's view assumes "retraining" is a noun. As written by the Legislature "retraining" and "job placement" are adjectives or adjective phrases modifying "program." Moreover, the phrase

---

1. On this record, it is undisputed that Claimant has never requested benefits for permanent total disability as a result of these injuries.

"for purposes of evaluating permanent total disability status" modifies "participating" and means the participation must be for the purpose stated.

¶5 Claimant's interpretation would, in effect, rewrite the section by moving "a" from its present location before "retraining" to immediately preceding "job." If the present language is read in the disjunctive, as suggested by Claimant, the statute would mandate the benefits whenever a claimant was actively participating in "a retraining." We will not conclude the Legislature intended such an awkward provision where another more sensible reading is available.

¶6 Our task, like that of the Workers' Compensation Court, in applying this section is to give effect to the ordinary meaning of the words, if possible. *Lockhart v. Loosen,* 1997 OK 103, 943 P.2d 1074. Moreover, in doing so, we must read the statute as a whole. *Rout v. Crescent Public Works Authority,* 1994 OK 85, 878 P.2d 1045. Doing so, we must conclude the Claimant was not entitled to temporary total disability benefits during his participation in the retraining program provided by Employer. The order is sustained.

SUSTAINED

BUETTNER, P.J., and HANSEN, J., concur.

