1999 OK 78

**Denny R. MANGRUM, Petitioner,**

**v.**

**FENSCO, INC., State Insurance Fund and The Workers' Compensation Court, Respondents.**

**No. 91,415.**

Supreme Court of Oklahoma.

Sept. 28, 1999.

Victor R. Owens & Daryl G. Alphin, Tulsa, Oklahoma, for Petitioner.

Darrell L. Moore, Pryor, Oklahoma & Mitchell C. Maurer, Tulsa, Oklahoma, for Respondents.

HODGES, J.

¶ 1 Fensco, Inc. (Employer) and its insurer seek vacation of that portion of an opinion of the Court of Civil Appeals which concluded that section 16(D) of the Workers' Compensation Act entitled Denny R. Mangrum (Claimant) to benefits at the temporary total disability rate during vocational rehabilitation. Certiorari review was granted to clarify the proper application of that provision. This Court holds that section 16(D) does not entitle a claimant who is adjudicated permanently but only partially disabled to receive benefits at the temporary total disability rate during vocational rehabilitation.

¶ 2 Claimant sustained an accidental injury arising out of and in the course of his employment with Employer. He injured his back and suffered radicular pain in his lower extremities, right arm and hand while he was lifting and holding a guardrail.

¶ 3 The trial tribunal found that Claimant suffered from other non-employment related medical conditions; including heart disease, bilateral hand problems and a right leg (knee) injury and held that he was not permanently and totally disabled solely as a result of his accidental injury. Instead, Claimant was found to be 35% permanently and partially disabled to the body as a whole resulting from the injury to his back. In the order awarding permanent partial disability benefits, Employer was ordered to provide Claimant with vocational rehabilitation services, including a math improvement course and a GED preparation course.

¶ 4 This controversy presents a question of law concerning the correct application of section 16(D). Issues of law are to be reviewed *de novo* and an appellate court claims for itself plenary, independent and non-deferential authority to reexamine a trial court's legal rulings. *See Kluver v. Weatherford Hosp. Auth.*, 859 P.2d 1081, 1084 (Okla. 1993) (citing *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190, (1991)).

¶ 5 At issue is the Court of Civil Appeals' holding that section 16(D) applies to permanent awards of both total and partial disability. Section 16(D) provides:

D. During the period when an employee is actively participating in a retraining or job placement program *for purposes of*

*evaluating permanent total disability status,* the employee shall be entitled to receive benefits at the same rate as the employee's temporary total disability benefits computed pursuant to section 22 of this title. No attorney fees shall be awarded or deducted from such benefits received during this period. All tuition related to vocational rehabilitation services shall be paid by the employer or the employer's insurer on a periodic basis directly to the educational facility attended by the employee.

Okla. Stat. tit. 85 § 16(D) (Supp.1997) (emphasis added). This provision, however, must be applied in relation to the statutory scheme provided by the Workers' Compensation Act for determinations of disability and the award of benefits.

¶ 6 The term "permanent total disability" is defined in the Act to mean "incapacity because of accidental injury or occupational disease to earn any wages in any employment for which the employee may become physically suited and reasonably fitted by education, training or experience, including vocational rehabilitation...." Okla. Stat. tit. 85, § 3(15) (Supp.1997). Section 16(A) explains that the intent of section 16 rehabilitation and job placement services is to "restore [the injured worker] to gainful employment. It also provides that "[n]o person shall be adjudicated to be permanently and totally disabled unless first having been evaluated as to the practicability of restoration to gainful employment through vocational rehabilitation services or training." Okla. Stat. tit. 85, § 16(A) (Supp.1997). Thus, an injured worker is considered permanently and totally disabled only if the worker cannot be restored to gainful employment following a period of rehabilitation. This necessitates an initial determination that vocational rehabilitation is practicable and that the worker is at that time permanently and totally disabled. After the rehabilitation period, the worker's status is reevaluated to determine whether the worker has become physically suited and reasonably fitted to return to the workplace. Only if the injured worker cannot return to gainful employment does permanent total disability status continue. Section 16(D) requires that during the rehabilitation period the worker must receive income benefits at the temporary total disability rate.

¶ 7 The same analysis does not apply to permanent partial disability status, contrary to Claimant's assertion and the holding of the Court of Civil Appeals in this matter. The term "[p]ermanent partial disability means permanent disability which is less than total and shall be equal or the same as permanent impairment." Okla. Stat. tit. 85, § 3(16) (Supp.1997). A determination of permanent impairment is a medical evaluation of "anatomical or functional abnormality or loss." Okla. Stat. tit 85, § 3(14) (Supp.1997). It does not take into account an injured worker's education, training, experience, or other factors essential to a determination of permanent total disability status. Therefore, vocational rehabilitation does not speak to the medical determination that a worker is permanently and partially disabled.

¶ 8 An injured worker's permanent partial disability status is evaluated once by the Workers' Compensation Court based upon the medical evidence presented. There is no reevaluation of partial disability status. Thus, when an injured worker is adjudicated permanently and partially disabled, any rehabilitation will not be "for the purposes of evaluating permanent total disability status" as required by section 16(D). While the injured worker will receive permanent partial disability benefits which may include training and job placement, the worker will not be entitled "to receive benefits at the same rate as employee's temporary total disability benefits" as provided in section 16(D).

¶ 9 The Court of Civil Appeals in this matter held that section 16(D) applies to permanent awards of both total and partial disability. That Court reasoned that both total and partial awards of permanent disability are essentially temporary because a worker's disability would be reevaluated in either instance. It relied on its holding in *City of Norman v. Steves,* 962 P.2d 655 (Okla.Ct.Civ.App.1998), for that conclusion. The Court of Civil Appeals' reliance on *Steves* for its holding in this matter was misplaced.

¶ 10 *Steves* involved a claim for which a worker had been adjudicated permanently and totally disabled. The worker's participation in vocational rehabilitation was for the purpose of evaluating his continued permanent total disability status. The *Steves* court explained that section 16(D) "applies to the period of time prior to a final adjudication as to a claimant's permanent total disability, i.e., while PTD status is *being evaluated.*" *Id.* at 657. It noted that due to the possibility of improvement through vocational rehabilitation approved by the Workers' Compensation Court, "[t]he ultimate and final determination of Claimant's PTD status is to be determined at the end of the vocational rehabilitation period." *Id.*

¶ 11 The *Steves* court's view that an award of permanent total disability is essentially "temporary", in that it is subject to review following vocational rehabilitation, is supported by the language of section 16(D) and the disability benefits scheme provided in the Workers' Compensation Act. The Court of Civil Appeal's expansion of section 16(D) in this matter to cover a permanent yet partial disability award is not. .

 ¶ 12 A court is required to apply a plain, direct reading to an examined statute. If a statute is plain, unambiguous and its meaning clear, and no occasion for the application of the rules of construction exist, a statute will be accorded the meaning expressed by the language used. *TRW Reda Pump v. Brewington,* 829 P.2d 15 (Okla. 1992). .The legislative intent of section 16(D) is plainly expressed and unambiguous making the statute's meaning clear. Therefore, no room exists for judicial construction and the statute must be followed without further inquiry. *See McNeill v. City of Tulsa,* 953 P.2d 329 (Okla.1998). The plain language of section 16(D) demonstrates legislative intent that the temporary total disability rates specified in section 16(D) be paid only when rehabilitation is provided for purposes of evaluating permanent total disability status.

¶ 13 Today's holding is consistent with prior Court of Civil Appeals decisions on the issue. As discussed, the *Steves* holding and analysis are in accord with this pronouncement. *See Steves,* 962 P.2d at 656–657. Ad-

ditionally, in *Koch v. CRI Feeders,* 964 P.2d 948 (Okla.Ct.Civ.App.1998), the Court of Civil Appeals held that a claimant who was adjudicated permanently and partially disabled, was not entitled to income benefits at the temporary total disability rate while he was in a retraining program which the employer had agreed to pay. This was because the retraining program was not for the purpose of evaluating permanent total disability status. *Id.* at 950.

¶ 14 Also in accord is *Campbell v. City of Hollis,* 974 P.2d 682 (Okla.Ct.Civ.App.1998), which followed *Koch*'s holding. There, an injured worker sought an award of permanent total disability benefits or, in the alternative, permanent partial disability benefits. The Workers' Compensation Court adjudicated the worker permanently and partially disabled and directed the employer to provide GED skills training and job placement assistance. The Court of Appeals upheld the trial tribunal's refusal to award the section 16(D) rates reasoning that the programs were not "designed to evaluate permanent total disability, but to 'enhance' the claimant's employment opportunities using the transferable skills he presently possesses." *Id.* at 684.

¶ 15 When an award of permanent partial disability is entered, the injured worker is not entitled to the section 16(D) temporary total disability rate. The trial tribunal was correct in so holding. That portion of the Court of Civil Appeals opinion which extended section 16(D) to an award of permanent partial disability is vacated.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED IN PART; ORDER OF WORKERS' COMPENSATION COURT SUSTAINED.

¶ 16 All Justices concur.