1999 OK 96

**DIXON PROPERTY COMPANY and State Insurance Fund, Petitioners,**

v.

**Thomas SHAW and The Workers' Compensation Court, Respondents.**

**No. 91597.**

Supreme Court of Oklahoma.

Dec. 7, 1999.

James J. Robertson, McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, for Petitioners.[1]

Susan H. Jones, Wilson Jones, P.C., Tulsa, Oklahoma, for Respondent.

OPALA, J.

¶ 1 Certiorari is limited to whether the Court of Civil Appeals erred in excluding from its consideration a videotape as part of the record on review. We answer in the affirmative and remand the case to the Court of Civil Appeals for reconsideration of the claim upon the complete record that would include the videotape as well as all the evidentiary material.

## I

### THE ANATOMY OF LITIGATION

¶ 2 Thomas Shaw [Shaw or claimant], a heating and air conditioning repairman for Dixon Property Company [employer], was injured on 11 July 1990 when he was at a retail store picking up parts for a job. He was hit in the head by a weedeater that fell from an overhead display. Shaw fell forward and struck his head once again. He was hospitalized for several days and did not return to work. Upon filing Form 3 on 30 July 1990 he received *temporary total disability* benefits for approximately six years. In 1996 Shaw requested a hearing to determine the quantum of his *permanent partial disability*, medical maintenance and vocational rehabilitation. He was examined by a court-appointed physician, Dr. Vosburgh, whose 16 July 1997 medical report states that he "is unemployable mainly because of the psychological status that he presents on this examination." Based on this report, Shaw pressed for a hearing to determine his *permanent total disability* [PTD]. Unbeknown to him, he was videotaped in August of that year on two separate occasions. Dr. Vosburgh viewed the videotape and in his 3 December 1997 deposition stated that it had caused him to change his view about Shaw's employability.[2]

¶ 3 At the 18 December 1997 PTD hearing, *the videotape was offered and admitted in evidence.* The trial judge, on consideration

---

1. Identified as petitioners' counsel is only that lawyer whose name appears on the certiorari briefs.

2. After looking at the videotape, Dr. Vosburgh stated in pertinent part (transcript of the December 3 deposition, pages 6, 8, 17):

    Q. So you made the assumption that no one would hire him?
    A. I just assumed that no one would hire him, at least not the way he presented to me.
    * * *
    Q. ... If it is, in fact, the same individual that it was in your office would that mean that the—that your assessment as far as not being employable would change.
    A. Yes.
    Q. That he would be employable?
    A. Yes ...
    * * *
    Q. Okay. But if you go solely upon your examination you think he can't go to work, but if you go solely on the videotape he can go back to work and doesn't need psychological treatment. Is that basically—
    A. That's what I would say. I saw nothing abnormal about the man in the video.

of the claimant's (and wife's) testimony, of the various medical reports, as well as of Dr. Vosburgh's deposition and of the videotape, ruled that Shaw was permanently and totally disabled. The three-judge panel affirmed.

¶ 4 The Court of Civil Appeals [COCA] sustained the panel's order *without considering the videotape's probative effect* on the *court-appointed physician's medical report.* According to its opinion, *the videotape was not a part of the record on review.*[3]

## II

## COCA ERRED BY CONCLUDING THAT THE VIDEOTAPE WAS NOT PART OF THE RECORD ON REVIEW

■ ¶ 5 On certiorari, the employer argues that *the videotape was part of the record on review* and that *COCA erred by excluding it from the material tendered for corrective relief.* We agree.

### A.

### *The Videotape Had Been Offered And Admitted In Evidence at the PTD Hearing*

■ ¶ 6 The employer argued on appeal (to the three-judge panel) and on review (in the Court of Civil Appeals) that there is an absence of competent evidence to support the trial tribunal's PTD award. The employer's challenge to Shaw's medical evidence rests on the view that Dr. Vosburgh's testimony (given *after* viewing the videotape) destroyed the probative value[4] of his earlier medical report. This he accomplished by conceding that the videotape changed his prior assessment of Shaw's employability status.

¶ 7 Only exhibits offered and admitted in evidence during the trial tribunal's proceedings may be deemed to form a part of the record to be reviewed.[5] The videotape was offered *sans objection* and admitted as employer's exhibit one.

### B.

### *The Videotape Was Part Of The Record On Review*

¶ 8 Proceedings to review a decision of the Workers' Compensation Court are governed by Rules 1.76[6] and 1.104,[7] Oklahoma Supreme Court Rules. The record in a proceeding for review consists of the "instruments designated ... together with the

---

**3.** For COCA's exclusion of the videotape from the material tendered for review, see pages 5 and 6 of its unpublished opinion (pronounced 2 February 1999).

**4.** A challenge to an exhibit for lack of probative value—the approximate functional counterpart of a district court demurrer to the evidence—tests the legal sufficiency of targeted written proof to establish the evidentiary elements for which it was adduced. *Whitener v. South Cent. Solid Waste Auth.,* 1989 OK 62, ¶ 2, 773 P.2d 1248, 1249 n. 1.

**5.** *In re Estate of Whitlock,* 1988 OK 10, 754 P.2d 862, 863.

**6.** The pertinent terms of Rule 1.76, Oklahoma Supreme Court Rules, (Part IV(A) General Provisions Applicable to Other Civil Appeals), 12 O.S.Supp.1997, Ch. 15, App. 1, are:

(a) Specific Record Rules Control. Where record rules are provided for specific appeals (e.g. *Rules 1.104,* 1.118, 1.129) those specific rules shall *supersede and control Rule 1.76* and all other record rules *to the extent of any conflicting provisions* between the specific rules and other record rules.

(b) Designation, Definition, and Preparation of the Record on Appeal. The record shall be prepared in the same manner as that prescribed for perfecting an appeal from a final judgment or final order of the district court, and it shall consist of the same materials as those set forth in Rule 1.33(d). Provided that:
1. *The prohibition on designating the entire trial court record in appeals from District Courts does not apply to appeals from tribunals other than District Courts;*
2. An appearance docket shall not be included in the record on appeal unless required by the Rules governing the specific appeal.
3. *The Designation of Record shall be made using Rule 1.301, Form No. 15 for proceedings to review an order of the Workers' Compensation Court.* The Designation of Record shall be made using Rule 1.301, Form No. 16 for appeals from tribunals other than the District Courts. Form Nos. 15 and 16 shall not be used in the District Courts. ⁑ * *
(emphasis supplied).

**7.** The pertinent terms of Rule 1.104(b), Oklahoma Supreme Court Rules, (Part IV(C) Proceedings To Review A Decision Of The Workers' Compensation Court), 12 O.S.Supp.1997, Ch. 15, App. 1, are:

original of the court reporter's transcript and exhibits incorporated therein." [8] According to Rule 1.104(b) "only two dimensional exhibits no larger than 8 1/2″ × 14″ may be transmitted to the Supreme Court with the record, except upon order of the Court." [9] The designation of record must be prepared in the manner prescribed by Rule 1.301 (Form No. 15).[10]

¶9 The employer's designation of record (filed in this court) is consistent with the form prescribed for proceedings to review a Workers' Compensation Court decision. The items designated on that form are:

> All pleadings and documents filed of record
>
> The transcripts of hearings had January 23, 1998 before the Honorable Ozella M. Willis [11]

¶10 In compliance with Rule 1.104(b), the clerk of the Workers' Compensation Court *retained* the physical possession of the videotape instead of transmitting it to this court together with the other designated portions of the record. The index to the bound court clerk's record states that the videotape is "[a]vailable upon request."

¶11 We hold that the employer's *designation of the PTD hearing's transcript incorporated the videotape that had been offered and admitted in evidence.*[12] Because the videotape was part of the record for review in this proceeding, COCA *clearly erred* in excluding that exhibit from its consideration on review of evidentiary material in the record.

> (b) Contents of Record. The instruments designated by the party or parties bound by the court clerk, together with the *original of the court reporter's transcript and exhibits incorporated* therein (if portions of proceedings or evidence were designated for inclusion), shall constitute the record in the proceeding for review. Only two dimensional exhibits no larger than 8 1/2″ × 14″ may be transmitted to the Supreme Court with the record, except upon order of the Court. A copy of the appearance docket shall be included in the record for the proceeding for review.
> (emphasis supplied).

8. *Id.*

9. *Id.*

10. Rule 1.301, Oklahoma Supreme Court Rules (Part IX Appendix of Forms),12 O.S.Supp.1997, Ch. 15, App. 1, prescribes the forms to be used in appeals from the district court and from tribu-

## III

## SUMMARY

¶12 Where, as here, *the transcript* of the PTD proceeding *is included* in the designation of record, the exhibits offered and admitted in evidence at that hearing are a part of the record designated for review. Any exhibits *omitted* from the transmitted record but necessary for consideration of the issues raised must be ordered for delivery by the trial tribunal's court clerk.

¶13 Because COCA *erroneously excluded* the videotape from its reviewing consideration, we return this cause to the COCA panel whence it came for a complete review of the record that would include the videotape together with all the other evidentiary material in the record.

¶14 On certiorari granted upon the employer's petition, the Court of Civil Appeals' opinion is vacated and the claim remanded to that court for reconsideration to be made upon the complete record (that would include the erroneously excluded videotape), with a view to determining if there is competent evidence to support the decision of the Workers' Compensation Court.

¶15 ALL JUSTICES CONCUR.

nals other than the district court as well as in proceedings to review a decision of the Workers' Compensation Court. Form No. 15 is the "Designation of Record for Review of an Order of the Workers' Compensation Court."

11. The PTD hearing was held 18 December 1997, but, according to the trial judge's order, she did not *reach the cause for consideration* until 23 January 1998. The transcript's reference to a *January 23 hearing* must be intended to designate the earlier PTD proceedings.

12. We note that all the other exhibits offered and admitted in evidence at the December 18 hearing were transmitted to this court as part of the record on review. Those exhibits meet Rule 1.104(b)'s requirement for *two-dimensional exhibits no larger than 8 1/2″ × 14″*. For the terms of Rule 1.104(b), see *supra* note 7.