## COX *et al.* v. WARFORD.

No. 1624. Opinion Filed August 20, 1912.

(126 Pac. 1026.)

1. **APPEAL AND ERROR**—Review—Presumptions. All presumptions, in the absence of a complete record, are in favor of the judgment of the trial court.

2. **SAME.** Error is never presumed; it must always be shown. And if it does not affirmatively appear, it will be presumed that no error has been committed.

3. **SAME.** Where the lower court overruled a motion for leave to file an amended appeal bond, and rendered judgment dismissing the appeal, and a copy of the bond or statement of the defects sought to be amended does not appear of record, or is not found in the stipulations filed (the record being lost), this court will not reverse the judgment of the trial court upon the presumption that the lower court committed prejudicial error.

(Syllabus by Sharp, C.)

*Error from Stephens County Court;*
*W. H. Admire, Judge.*

Action by S. P. Warford against A. S. Cox, Fred Phillips, and C. H. Bailey. From a judgment of the county court dismissing an appeal from a justice of the peace, defendants bring error. Affirmed.

*Gilbert & Bond,* for plaintiffs in error.

*Burns & Sitton,* for defendants in error.

Opinion by SHARP, C. It is stipulated by counsel that the only question involved in this case is whether or not the county court of Stephens county had jurisdiction of the cause, and whether or not the court committed error in dismissing the appeal from the justice of the peace. The record and petition in error are lost, and the case is before us on stipulations of counsel as to the contents of the lost record; it being admitted that the appeal was regularly prosecuted to this court from the county court, and that the proceedings on appeal were in all respects regular.

It appears from the stipulations that defendant in error, S. P. Warford, obtained judgment before a justice of the peace against plaintiffs in error, A. S. Cox, Fred Phillips, and C. H. Bailey, November 7, 1908; that a transcript of said appeal, with all the papers in the cause, was filed in the office of the district clerk March 9, 1909, by the justice trying the case, almost four months after the approval and filing of the appeal bond; that on the 12th day of November thereafter the plaintiff, Warford, filed a motion to dismiss the appeal for want of jurisdiction, which motion was sustained, and the appeal dismissed; that thereafter, and on the 19th day of January, 1910, the justice of the peace filed the transcript and all papers in the county court of Stephens county.

On the 26th day of January of said last mentioned year, two motions were filed, one by the plaintiff, to dismiss the appeal for want of jurisdiction; the other by defendants, asking permission to amend their appeal bond wherein the same might be defective

Cox et al. v. Warford.

in form or substance, or insufficient in amount. The former motion was sustained, the latter overruled, on the same day the motions were filed, and the action of the court is assigned as error.

As has been seen, the appeal was originally filed in the district court, and did not reach the county court for over fourteen months from the time that judgment was rendered in the justice of the peace court. While an appeal from a judgment of a justice of the peace is perfected upon the filing and approval of an appeal bond or undertaking within ten days from the date of the rendition of judgment, as held by this court in *Chicago, R. I. & P. Ry. Co. v. Moore, ante,* 124 Pac. 989, and while it is unnecessary that the transcript and approved undertaking be filed with the clerk of the county court within twenty days (*St. Louis & S. F. R. Co. v. Hurst,* 52 Kan. 609, 35 Pac. 211), yet there is not presented for our consideration such a record as will authorize us in holding that the county court erred in dismissing the appeal. The appeal was taken to, or at least filed in, the district court, where it was pending for one year. It appears from the brief of plaintiffs in error that the bond recited that the appeal was taken to the district court, and was subsequently dismissed by the court on motion of the plaintiff. The district court had no appellate jurisdiction of the action, and the order dismissing the appeal was proper. *Holcomb v. Chicago, R. I. & P. Ry. Co.,* 27 Okla. 667, 112 Pac. 1023; *Burt v. Thompson,* 29 Okla. 6, 115 Pac. 1016; *Farmer's Mill & Elevator Co. v. Lewis,* 29 Okla. 245, 116 Pac. 764; *Graham Paper Co. v. Bartlesville Pub. Co.,* 27 Okla. 781, 117 Pac. 199; *Atchison, T. & S. F. Ry. Co. v. McFarland,* 30 Okla. 595, 120 Pac. 559. Wherein the bond was defective, and whether defective in form or substance, we are not advised by the stipualtion supplying the lost record.

Error will never be presumed on appeal in a civil case, but must be made to appear affirmatively, or it will be presumed that no prejudicial error was committed by the trial court. *Grand Lodge v. Furman,* 6 Okla. 649, 52 Pac. 932; *Mulhall v. Mulhall,* 3 Okla. 304, 41 Pac. 109; *Grand Lodge v. Edmonson,* 6 Okla. 671, 52 Pac. 939; *Board v. Hubble,* 8 Okla. 169, 56 Pac. 1058;

*Board v. Wright,* 8 Okla. 190, 57 Pac. 203; *Linderman v. Nolan,* 16 Okla. 352, 83 Pac. 796; *Lewis v. Hall,* 11 Okla. 684, 69 Pac. 890; *Saxon v. White,* 21 Okla. 194, 95 Pac. 783; *Farmers', etc., Bank v. Sharum,* 21 Okla. 863, 97 Pac. 555; *Linson v. Spaulding,* 23 Okla. 254, 108 Pac. 747.

It therefore not appearing in what respect the undertaking on appeal was defective, and the jurisdiction of the county court being dependent upon the filing and approval of a sufficient bond, we cannot say that the lower court erred in overruling the motion of plaintiffs in error, and in sustaining the motion of defendant in error to dismiss the appeal.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.