2006 OK 64

**Ramona J. HERMAN, Petitioner,**

v.

**Honorable Vicki ROBERTSON et al., Respondent.**

**No. 103,501.**

Supreme Court of Oklahoma.

Sept. 12, 2006.

## ORDER

■ Original jurisdiction is assumed. Let the writ of mandamus issue in Cause No. CJ–2005–10153, directing the respondent, Honorable Vicki Robertson, to vacate "Journal Entry for Joint Motion for Protective Order Regarding Videotaping Deposition, By Opposing Party and Plaintiff's Motion to Permit Videotaping of Deposition" and to enter an order allowing the videotaping of the deposition of plaintiff, that of her sister and those of the other seven (7) defendants named in plaintiff's motion. *Inhofe v. Wiseman,* 1989 OK 41, 772 P.2d 389.

■ *First,* pursuant to the terms of 12 O.S.2001 § 3225, "The Discovery Code shall be liberally construed." Any deposition taken in a case may be used at trial subject to the provisions of the Oklahoma Evidence Code, 12 O.S. §§ 2101 et seq. and 12 O.S. § 3232. "[A]ny deposition may be used by any party for the purpose of contradicting or impeaching the testimony of a deponent as a witness, or for any purpose permitted by the Evidence Code."

■ *Secondly,* the terms of 12 O.S. § 3230(C)(3) provide "that the testimony at a deposition [may] be recorded by other than stenographic means." And "unless good cause is shown to the contrary," requests to the court to take depositions by videotaping, "shall be freely granted." "Good cause" shown, pursuant to 12 O.S. §§ 3230(C)(3), for preventing videotaping a deposition shall be an articulated, specific and particularized, real injury or harm. A vague, general, conclusory or speculative projection of harm or injury will not suffice. In the case at bar, defendants gave neither specific nor logical reason for the denial of plaintiff's motion to videotape depositions.

■ *Third,* videotaping depositions is not limited to preserving testimony for use at trial. *Id.* **There is no difference in law between "discovery" and "trial" depositions.** Under the Oklahoma Discovery Code, under Oklahoma Evidence Code, or under the Federal Rules of Civil Procedure there is no dichotomy. In *Inhofe v. Wiseman,* 1989 OK 41, 772 P.2d 389, this court recognized the valuable use of videotaped depositions not only for trial but also during the discovery phase of a case: "they record a description of the event which cannot be made by a mere stenographic deposition." *Id.* at 391. The videotaped deposition allows the viewer to observe the facial expressions, voice inflection and intonation, gestures, body language and general demeanor of the witness, each of which is an aid in evaluating the testimony of a witness.

The respondent had no legally cognizable basis for granting the protective order and for prohibiting the videotaping of depositions.

WATT, C.J., LAVENDER, HARGRAVE, OPALA, KAUGER, EDMONDSON, TAYLOR and COLBERT, JJ., concur.

WINCHESTER, V.C.J., dissents.