2008 OK 87

Doris WILLIS and Jennie Richardson, next of kin of Gatha Elizabeth Cheek, deceased, Plaintiffs/Appellants

v.

SEQUOYAH HOUSE, INC., d/b/a Sequoyah Manor, Defendant/Appellee.

No. 104,210.

Supreme Court of Oklahoma.

Sept. 23, 2008.

Glen Mullins, Durbin, Larimore & Bialick, Oklahoma City, OK, for Appellants.

Millicent L. Hughes, Thayla Painter Bohn, John R. Woodard III, Feldman, Franden, Woodard & Farris, Tulsa, OK, for Appellee.[1]

OPALA, J.

¶1 The dispositive issue on certiorari is whether the Court of Civil Appeals (COCA) erred in affirming the trial court's order dismissing plaintiffs' recommenced action. We answer in the negative. Although the result we reach is the same as that of COCA, we vacate the latter court's opinion to substitute in its place our own pronouncement.

## I

### THE ANATOMY OF LITIGATION

¶2 Doris Willis and Jennie Richardson (plaintiffs), daughters of Gatha Elizabeth Cheek, a former resident of the Sequoyah Manor nursing home, brought a negligence suit against Sequoyah House, Inc. (Sequoyah House or nursing home) on behalf of their deceased mother. At the 26 July 2004 hearing on Sequoyah House's motion for summary judgment, the trial judge orally announced the dismissal of the claim without prejudice to refiling.[2] The pronouncement's memorial was entered on 12 August 2004. Invoking the provisions of 12 O.S.2001 § 100,[3] plaintiffs recommenced their action

---

1. Identified herein are only those counsel for the parties who have entered an appearance in this cause (as required by Okla.Sup.Ct.R. 1.5(a), 12 O.S.2001, Ch. 15, App.1) and whose names appear on the certiorari briefs.

2. According to Sequoyah House's motion to dismiss and to the plaintiffs' objection to that mo-

tion, the earlier claim was dismissed because the plaintiffs' lawyer had misplaced the case file and was not ready for trial at the time the case was originally set.

3. The terms of 12 O.S.2001 § 100, the so-called "savings statute," allow an additional year to

on 12 August 2005. Summons issued the same day. The process server received the summons with petition from the plaintiffs on 8 February 2006. According to the return of service, Sequoyah House was served on 13 February 2006 by service effected on an office clerk as well as on the administrator of the nursing home. Sequoyah House's motion to quash service of summons and to dismiss the action rests on four grounds: (1) the summons and petition were not personally served upon Sequoyah House's registered service agent but rather were left on one of the desks in its office; the attempted service upon the receptionist was improper because she was not authorized to accept it; (2) the second petition was untimely brought because it should have been filed within one year of the date the initial claim's dismissal was orally pronounced rather than from the date of the order's filing; (3) the service of process on Sequoyah House was untimely because the summons and petition were served 185 days after the petition's filing, instead of within the 180 days prescribed by 12 O.S.Supp.2002 § 2004(I);[4] (4) plaintiffs failed to attach to the recommenced petition an affidavit of merit that stands mandated by the terms of 63 O.S.Supp.2003 § 1–1708.1E.[5]

¶ 3 According to plaintiffs' brief in opposition to the dismissal quest, (l) the petition was timely refiled in conformity to the provisions of 12 O.S.2001 § 100[6] because it was brought within one year of the written memorial's entry; (2) the summons and petition were properly served on Sequoyah House's service agent and on its nursing home administrator; (3) the plaintiffs' petition was not a medical malpractice action that would have required a § 1–1708.1E affidavit because the decedent's injury was alleged to have been caused by neglect of lay persons rather than by the performance or omission of a physician's medical procedure; and (4) the plaintiffs had "good cause" for the delay in serving the process.

¶ 4 After a hearing on Sequoyah House's motion, the trial court dismissed the recommenced action without ascribing any basis for its decision.[7]

¶ 5 The Court of Civil Appeals affirmed the trial court's dismissal order on consideration of a single issue deemed dispositive—**whether the plaintiffs had good cause for failing to serve the petition and summons within the statutory 180–day time period.** COCA's opinion notes that at nisi prius plaintiffs advanced but one argument in support

bring a new action after an earlier suit failed otherwise than on the merits.

4. The terms of 12 O.S.Supp.2002 § 2004(I) provide:
SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant **within one hundred eighty (180) days after the filing of the petition** and the **plaintiff cannot show good cause** why such service was not made within that period, the action **may be dismissed** as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion.* * *
(emphasis added).

5. The terms of 63 O.S. Supp.2003 § 1–1708.1E provided:
"A. 1. In any medical liability action, except as provided in subsection B of this section, the **plaintiff shall attach to the petition an affidavit attesting that:** a. the plaintiff has consulted and reviewed the facts of the claim with a qualified expert, b. the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the expert's determination that, based upon a review of the available medical records, facts or other relevant material, a reasonable interpretation of the facts

supports a finding that the acts or omissions of the health care provider against whom the action is brought constituted professional negligence, and c. on the basis of the qualified expert's review and consideration, the plaintiff has concluded that the claim is meritorious and based on good cause; ..."
(emphasis added).

6. The terms of 12 O.S.2001 § 100 afford only one refiling opportunity after the statute of limitations has run. *Sisk v. J.B. Hunt Transport, Inc.,* 2003 OK 69, ¶ 3, 81 P.3d 55, 56; *Hull v. Rich,* 1993 OK 81, ¶ 6, 854 P.2d 903, 904; *Ashby v. Harris,* 1996 OK 70, ¶ 6, 918 P.2d 744, 747; *United States Fire Ins. Co. v. Swyden,* 1935 OK 1191, ¶ 21, 53 P.2d 284, 288, 175 Okl. 475, 478.

7. The trial court's order, entered 18 December 2006, states in pertinent part:
On this 15th day of May, 2006 the above-captioned matter came before the Court for hearing on Defendant's Motion to Dismiss and Brief in Support ...
IT IS THEREFORE ORDERED for good cause shown, Defendant's Motion to Dismiss and Brief in Support is hereby granted.

of their theory that good cause was shown for the five-day delay in serving process—a clerical error in the law firm's internal docketing of the case for service of process. Plaintiffs' brief explains that the case was docketed to be re-served in six months, which did not coincide with the statutory 180 days. According to COCA, **no explanation was ever offered as to why the summons and petition were not delivered to the process server until the 180th day or why, once delivered there, service was not made until five days later.** COCA held that under these circumstances the trial court did not abuse its discretion when ruling that the clerical error relied upon was insufficient to prevent the action's dismissal.

¶ 6 We granted certiorari on plaintiffs' quest for corrective relief and now vacate COCA's opinion although we affirm the trial court's dismissal order tendered for our review by the plaintiffs.

## II

## THE ARGUMENTS ON CERTIORARI

¶ 7 Plaintiffs urge COCA erred in holding the trial court's dismissal, based on a five-day delay in service, was not an abuse of its discretion. According to plaintiffs (a) there is no indication the trial court's ruling was based on late service, (b) the dismissal was most likely based on lack of a statute-required medical affidavit, which was declared unconstitutional shortly after the recommenced action was dismissed;[8] (c) even assuming there might be a discretionary basis for the dismissal, COCA should have remanded the case to the trial court for the latter's exercise of its discretion in resolving this issue; (d) if the trial court dismissed the claim for want of timely service of process, that decision would have been an abuse of discretion because no prejudice was shown to the defendant by the five-day delay; and (e) a clerical error made by the law firm's staff reveals a valid explanation of a good cause for the delay.

¶ 8 Sequoyah House claims the totality of the circumstances and arguments advanced lead to but a single conclusion. The trial court based its decision on all the arguments raised by the defendant, not merely on plaintiffs' failure to attach an expert's affidavit to their petition. According to Sequoyah House, (a) the only issue before this court is whether the trial court's and COCA's decisions lack a rational basis in the record to support the action's dismissal; (b) a lawyer's failure correctly to docket a deadline because of inadvertent error does not satisfy the § 2004(I) good-cause requirement for delay in service of process; (c) based upon the history of the case, which reflects a pattern of both delay and mistakes on the part of the plaintiffs, the trial court's dismissal cannot be viewed as an abuse of discretion; (d) and Sequoyah House need not show any prejudice from the five-day delay in service because plaintiffs failed to establish that their delay was justified by good cause.

¶ 9 We agree with COCA that the trial court's dismissal order for untimely service of process is error-free. Because we hold this issue is dispositive on our review of the case, we need not deal here with the other challenges to the trial court's decision.[9]

## III

## STANDARD OF REVIEW

¶ 10 By the terms of 12 O.S.Supp. 2002 § 2004(I) a claim **may be dismissed** for serving a defendant later than 180 days after the petition is filed **and the plaintiff fails to show good cause** for its late service on the defendant. A dismissal for untimely service

---

8. The affidavit requirement, imposed by the provisions of 63 O.S.Supp.2003 § 1–1708.1E, was held unconstitutional in *Zeier v. Zimmer, Inc.,* 2006 OK 98, 152 P.3d 861.

9. Other arguments that plaintiffs raised on appeal and now reassert on certiorari are (a) the petition was timely refiled, (b) service was properly obtained and (c) a mere five-day delay in service of process caused by clerical error does not warrant a dismissal with prejudice. **Because we find that a single issue is dispositive of the certiorari quest**—whether plaintiffs sustained their burden to show good cause for the plaintiffs' delay in securing timely service which would overcome the dismissal's presumptive correctness—**the other issues will not be dealt with here.**

is deemed discretionary [10] and will be reviewed upon an abuse-of-discretion standard.[11]

## IV

## THE RECORD SUBMITTED FOR APPELLATE REVIEW IS UTTERLY DEVOID OF ANY PROOF OF GOOD CAUSE THAT WOULD OVERCOME THE PRESUMPTION OF CORRECTNESS WHICH ATTACHES TO THE TRIAL COURT'S DISMISSAL

### A.

#### Plaintiffs' Good–Cause Burden Under § 2004(I)

██ ¶ 11 The terms of 12 O.S.Supp.2002 § 2004(I) [12] cast a burden upon the plaintiff who resists dismissal to demonstrate good cause why service on the defendant was not made within the prescribed 180–day period.[13] Whether good cause has been demonstrated is left largely to the discretion of the trial court.

### B.

#### Plaintiffs' Reference to Proof That Was Tendered By Their Nisi Prius Brief Is Not Presented Here In Probative Form

██ ¶ 12 Plaintiffs rely for evidence of good cause upon the recitation of counsel in a nisi prius brief that the failure to effect timely service was caused by a clerical error in the lawyer's office. **These references to proof contained in the paperwork of the case do not constitute evidence of good cause.** This is so because none comes in a form that can be tendered for admission in a forensic proceeding.[14] The insertion of facts

---

**10.** According to the teachings of *Fischer v. Baptist Health Care of Oklahoma*, 2000 OK 91, ¶ 6, 14 P.3d 1292, 1293, the "use of the word 'may' in section 2004(I) [*supra* note 4] indicates dismissal is discretionary" (*citing Mott v. Carlson*, 1990 OK 10, ¶ 6, 786 P.2d 1247, 1248).

**11.** *Fischer v. Baptist Health Care of Oklahoma*, *supra* note 10, at ¶ 6, 14 P.3d at 1293; *Mott v. Carlson*, *supra* note 10, at ¶ 6, 786 P.2d at 1248.

**12.** For the terms of 12 O.S.Supp.2002 § 2004(I) see *supra* note 4.

**13.** *Mott v. Carlson*, *supra* note 10, at ¶ 11, 786 P.2d at 1250.

**14.** **Proof consists of matters tendered in probative form for admission as evidence.** There are four different forms of acceptable proof. Three of the forms are authorized by statute: (1) evidence **from oral proceedings by living (*viva voce*) testimony**, (2) **by deposition** and (3) **by affidavit** (12 O.S.2001 § 421). The fourth was developed by the common law. That form permits in some proceedings the use of **acceptable evidentiary substitutes.**

*Viva voce proof.* **At common law** evidence is used as a universal term for (1) oral examination *viva voce* in open court and (2) documentary or physical evidence properly admitted or rejected and then re-offered for the record. *Viva voce* testimony means "[w]ith the living voice; by word of mouth." Black's Law Dictionary 1410 (5th ed.1979). It is used in contradistinction to evidence in the form of a written record. In 12 O.S.2001 § 421 the term "oral examination" means testimony *viva voice* (or living testimony) in open court. *See State ex rel. Oklahoma Bar*

*Ass'n v. Dobbs*, 2004 OK 46, ¶ 38, n. 44, 94 P.3d 31, 51 n. 44; *State v. Torres*, 2004 OK 12, ¶ 14 n. 32, 87 P.3d 572, 581 n. 32; *Estate of Whitlock*, 1988 OK 10 ¶ 1, 754 P.2d 862, 862–63; Nicholas A. Kronfeld, *The Preservation And Discovery of Evidence Under Federal Rule of Civil Procedure 27*, 78 Geo. L.J. 593, 623 (1990).

*Depositions.* The admission of depositions is governed by statute. See e.g. 12 O.S.Supp.2004 § 3227, 12 O.S.2001 §§ 3228–3229, 12 O.S.Supp.2005 § 3230, 12 O.S.2001 § 3231, 12 O.S.Supp.2004 § 3232. Witnesses may be examined and their testimony preserved by deposition. Any deposition taken in a case may be used at trial subject to the provisions of the Oklahoma Evidence Code. *Herman v. Robertson*, 2006 OK 64, 145 P.3d 1039, 1040.

*Affidavits.* An affidavit is a written evidentiary statement given under oath. 12 O.S.2001 § 422. The terms of 12 O.S.2001 § 431 regulate the permissible use of affidavits as proof in judicial proceedings and limit their use to certain enumerated instances. Affidavits are a statutory form of acceptable evidentiary substitutes, **but they are not evidence in the common-law sense.** *Acceptable evidentiary substitutes.* The term "acceptable evidentiary substitutes" is applied to proof that may be used as evidentiary material in summary proceedings. *Shamblin v. Beasley*, 1998 OK 88, 967 P.2d 1200, 1208, n. 22. The term is not reserved solely for proof in the summary process of adjudication. It could be applied to proof produced in other proceedings. See e.g. *Patel v. OMH Medical Center, Inc.*, 1999 OK 33, ¶ 18, 987 P.2d 1185, 1193 (acceptable evidentiary substitutes can be used in postjudgment vacation proceedings). The admission of evidentiary substitutes is governed partly by statute and partly by the common law. See in this connection

or statements in a court-filed paper is not cast in **probative form**[15] unless it refers to something that is already in evidence or is reflected by the record to have been presented below in a form that is acceptable for admission as probative material. The record for this appeal is devoid of any **supportive proof** tendered in the form of **testimony, affidavit,** or through some **acceptable evidentiary substitute.**

## C.

### Counsel's Statements Have No Probative Force

¶ 13 But even if the relied-upon recitation in the brief had been offered as proof in some acceptable form, it would have **no probative value.** This is so because it lacks that explanatory quality which will suffice as proof of good cause. The introduction of a

Rule 13, Rules for District Courts of Oklahoma, 12 O.S.Supp.2002, App; *Shamblin v. Beasley* and *Patel v. OMH Medical Center, Inc., supra.* Stipulations of fact and admissions may serve as evidentiary substitutes that dispense with the necessity of submitting formal proof. *Crest Infiniti, II, LP v. Swinton,* 2007 OK 77, ¶ 10, 174 P.3d 996, 1002; *State v. Torres, supra,* at ¶ 29, 87 P.3d at 585; *State ex rel. Oklahoma Bar Ass'n v. Dobbs, supra,* at ¶ 3 n. 5, 94 P.3d at 41 n. 5.

15. Probative evidence is that which "tends to prove or disprove a point in issue." Black's Law Dictionary 1203 (6th ed.1990).

16. *Crest Infiniti II, LP v. Swinton, supra* note 14, at ¶ 10, 174 P.3d at 1002 (unsworn statements, whether made by a forensic advocate or by the trial judge, do not constitute evidence) (citing *State v. Torres, supra* note 14, at ¶ 29, 87 P.3d at 585); *Norman v. Trison Development Corp.,* 1992 OK 67, ¶ 12, n. 26, 832 P.2d 6, 11, n. 26 (an unsworn in-court statement of a forensic advocate does not rise to the level of evidence or to a stipulated fact); *State ex rel. Oklahoma Bar Ass'n v. Lacoste,* 1991 OK 51, ¶ 11, 813 P.2d 501, 506 (Opala, C.J. dissenting) (review "may never hinge ... on a lawyer's 'mouthings' "—*i.e.* unsworn statements of a forensic advocate on a material fact); *Hedges v. Hedges,* 2002 OK 92, ¶ 17, 66 P.3d 364, 371 (a "trial judge's statements in announcing the post-decree order do not constitute her "findings of fact" and will not be considered to vary the order whose terms are to be measured solely by the recorded journal entry").

lawyer's unsworn conclusory statements contained in a nisi prius brief does not *eo ipso* make the contents probative.[16]

¶ 14 Plaintiffs must show good cause for the occasioned delay by more than a lawyer's conclusory references in an argument to the court. Counsel's unsworn representations do not rise to the level of proof of good cause contemplated by the terms of 12 O.S.Supp. 2002 § 2004(I).

¶ 15 A trial judge's decision comes to a court of review clothed with a presumption of correctness.[17] Every fact not disputed by the record must be regarded as supportive of the trial court's ruling.[18] In this case the burden of overcoming the law's presumption of correctness rests on the plaintiffs.[19] They have failed to provide an acceptable record by showing that the trial court's presumptively correct dismissal order may be vulnerable to reversal.[20]

17. On review, we must always indulge in the presumption that a trial court's decision is correct. *U.S. Mortgage v. Laubach,* 2003 OK 67, ¶ 30, 73 P.3d 887, 900.

18. The trial court's decision is presumptively deemed to include a finding of every fact necessary to support it. *KMC Leasing, Inc. v. Rockwell–Standard Corp.,* 2000 OK 51, ¶ 13, 9 P.3d 683, 688–689; *Okla. Turnpike Auth. v. New Life Pentecostal Church of Jenks,* 1994 OK 9, ¶ 15 n. 24, 870 P.2d 762, 768 n. 24; *Carpenter v. Carpenter,* 1982 OK 38, ¶ 10, 645 P.2d 476, 480 (trial court's decision is presumed to include a finding favorable to the successful party upon every fact necessary to support it); *Cox v. Warford,* 1912 OK 540, ¶ 1, 126 P. 1026, 1027.

19. An appellant bears total responsibility for including in the appellate record all materials necessary to support a plea for corrective relief. *Hulsey v. Mid–America Preferred Ins. Co.,* 1989 OK 107, ¶ 7, 777 P.2d 932, 936; *Hamid v. Sew Original,* 1982 OK 46, ¶ 7, 645 P.2d 496, 497.

20. If supported by law and evidence, the nisi prius decision, even if it was based on an incorrect theory and neither party tendered below an appropriate analysis of the applicable law, will be affirmed. *Akin v. Missouri Pacific R. Co.,* 1998 OK 102, ¶ 35, 977 P.2d 1040, 1054; *Bivins v. State ex rel. Oklahoma Memorial Hosp.,* 1996 OK 5, n. 40, ¶ 22, 917 P.2d 456, 465, n. 40; *Matter of Estate of Maheras,* 1995 OK 40, ¶ 7 n. 6, 897 P.2d 268, 272 n. 6; *Wright v. Grove Sun Newspaper Co., Inc.,* 1994 OK 37, ¶ 18, 873 P.2d 983, 992.

### D.

#### *Mere Conjecture Will Not Overcome the Presumption of Correctness*

¶ 16 Plaintiffs speculate that the trial court had no opportunity to exercise its discretion in deciding whether good cause was shown because the dismissal was most likely based on want of a then-required medical affidavit rather than on untimely service of process. They urge the court to remand the cause to the trial court for a clarification of the latter issue.

¶ 17 There is here no evidentiary support in the record but solely the plaintiffs' bare conclusion tendered without casting it in any probative form. Mere conjecture will not overcome the presumption of correctness that attaches by force of law to a trial court's order.[21] The record for appeal is insufficient for a judicial review of plaintiffs' good-cause challenge to the dismissal.

### V

#### SUMMARY

¶ 18 Absent a record to the contrary, an appellate court is duty-bound to indulge in a presumption of correctness that attaches to the trial court's dismissal of the refiled action for want of timely service of process.

---

**21.** *U.S. Mortgage v. Laubach, supra* note 17, at ¶ 30, 73 P.3d at 900; *Cox v. Warford, supra* note 18, at ¶ 1, 126 P. at 1027; *KMC Leasing, Inc. v. Rockwell Standard Corp., supra* note 18, at ¶ 13, 9 P.3d at 688–689; *Okla. Turnpike Auth. v. New*

¶ 19 To overcome the dismissal's presumptive correctness a plaintiff must sustain the burden to show good cause for its delay in securing timely service. Plaintiffs failed here to meet that burden. They have relied solely upon non-probative material consisting of unsworn conclusory references in a nisi prius brief which utterly lack explanatory content of probative character. Their good-cause proof should have been supplied by testimony, affidavits or by some other form of an acceptable evidentiary substitute.

¶ 20 On certiorari granted upon the plaintiffs' petition, the Court of Civil Appeals' opinion is vacated and the trial court's dismissal order stands affirmed.

¶ 21 WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, WATT, TAYLOR and REIF, JJ., concur.

¶ 22 KAUGER and COLBERT, JJ., dissent.

*Life Pentecostal Church of Jenks, supra* note 18, at ¶ 15 n. 24, 870 P.2d at 768 n. 24.