2015 OK CIV APP 52

**Troy SLATE, Plaintiff/Appellant,**

v.

**Susan BUSSEY, in her capacity as Executive Director of the Oklahoma Merit Protection Commission; and Justin Jones, in his capacity as Executive Director of the Oklahoma Department of Corrections, Defendants/Appellees.**

**No. 112,493.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

April 17, 2015.

---

Gaylon C. Hayes, Hayes Legal Group, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Michele J. Minietta, Department of Corrections, Oklahoma City, Oklahoma, for Defendant/Appellee Department of Corrections.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Troy Slate appeals the dismissal by the district court of his appeal from an adverse decision by the Oklahoma Merit Protection Commission. The appeal has been assigned to the accelerated docket pursuant to Okla-homa Supreme Court Rule 1.36, 12 O.S. Supp.2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. Slate's appeal of the Commission's decision was not filed within the statutorily required time. Therefore, the district court lacked jurisdiction to entertain Slate's appeal. The district court's order dismissing Slate's appeal is affirmed.

## BACKGROUND

¶ 2 Slate was a permanent classified employee of the Oklahoma Department of Corrections. The Department terminated Slate on June 3, 2011. Slate received notice of his termination on June 8, 2011. Slate appealed this adverse agency action to the Commission on July 5, 2011, pursuant to 74 O.S.2011 840–6.5 (amended eff. Aug. 24, 2012), providing a system for the "prompt, fair, and equitable" disposition of appeals to the Commission by permanent classified employees who have been discharged. The Commission's Executive Director, by order dated and filed July 6, 2011, dismissed Slate's appeal because it was not filed within twenty days after Slate received notice of his termination citing section 840–6.5, which provided, in part: "Within twenty (20) calendar days after receiving the written notification [of termination] the employee may file a written request for appeal with the Oklahoma Merit Protection Commission." 74 O.S.2011 840–6.5(c).

¶ 3 Slate appealed the Director's Order of Dismissal to the district court. His appeal was filed on December 16, 2011. The Department moved to dismiss Slate's appeal citing 75 O.S.2011 318(B)(2) of the Administrative Procedures Act, which requires an appeal from an agency final order to be filed "within thirty (30) days after the appellant is notified of the final agency order as provided in Section 312 of this title." The district court granted the Department's motion but allowed Slate thirty days to file an amended appeal. Within the allotted time, Slate filed an Amended Petition asserting breach of contract, due process violations, fraud, gross negligence and violation of 42 U.S.C.1983 on the part of the Department with respect to his termination. Slate's Amended Petition did not address the timeliness, or lack there-

of, of his initial appeal to the district court. The Department again moved to dismiss, arguing Slate's untimely filing deprived the district court of jurisdiction to hear his appeal of the Director's order. Slate appeals the district court's order granting the Department's second motion to dismiss.

## STANDARD OF REVIEW

¶ 4 The standard of review for questions of law concerning the district court's jurisdiction is de novo. *Dilliner v. Seneca–Cayuga Tribe of Okla.*, 2011 OK 61, ¶ 12, 258 P.3d 516, 519. De novo review requires plenary, independent, and non-deferential review of the district court's legal rulings. *In re Estate of Bell–Levine*, 2012 OK 112, ¶ 5, 293 P.3d 964, 966.

## ANALYSIS

¶ 5 The thirty-day time period specified in 75 O.S.2011 318 for appealing a final agency order to the district court is jurisdictional. *Conoco, Inc. v. State Dep't of Health*, 1982 OK 94, ¶ 11, 651 P.2d 125, 128. The thirty-day period begins to run from the date Slate was "notified either personally or by certified mail...." 75 O.S.2011, 312. The Department included with its motion to dismiss a copy of the Director's Order of Dismissal and a printout of a web page showing that the order had been electronically filed on July 6, 2011, at 11:06 a.m. Slate argues this exhibit is not evidence that he was notified of the Director's July 6, 2011 order of dismissal and that the Commission's "e-file system had failed to operate and was in fact down at the time [Slate] attempted to file his appeal." The dispositive issue in this appeal is not whether the Commission's electronic filing system was unavailable when Slate initially filed his appeal; the question is whether Slate filed his appeal through the district court's conventional filing system within thirty days after receiving notice of the Director's Order of Dismissal. This Opinion is confined to that issue.

¶ 6 Unless a waiver for conventional filing is granted, the Commission's electronic filing system is mandatory for all appeals filed by State employees from an adverse action by their employer.[1] In adopting this electronic system, the Commission has exercised its statutory option pursuant to the Uniform Electronic Transactions Act (12A O.S.2011 15–101 to 15–121) to "send and accept electronic records and electronic signatures to and from other persons and otherwise create, generate, communicate, store, process, use, and rely upon electronic records and electronic signatures." 12A O.S.2011 15–118(a). The Commission's Electronic Filing Guidelines specify "the manner and format in which the electronic records [concerning adverse agency action appeals] must be created, generated, sent, communicated, received, and stored...." 12A O.S.2011 15–118(b)(1). Unless conventional filing is authorized, the Commission's Electronic Filing Guidelines (1) require all users, including the Director, to file all pleadings and documents through the electronic system; (2) provide that the filings are automatically recorded with the date and time of filing and included in the "Pleadings docket and History log" for each proceeding; and (3) establish an automated email notification to authorized users generated by any filing. Electronic Filing Guidelines, II. The Pleadings docket and History log are accessible by any user authorized to view information and documents online with respect to a particular proceeding. *Id.* And, the electronic files maintained by the system constitute the Commission's official record regarding an employee's appeal. Electronic Filing Guidelines, II(I).

¶ 7 In order to participate in the Commission's electronic filing system, a petitioner, like Slate or in this case Slate's representative, is required to register with the Commission as an electronic filer. Electronic Filing Guidelines, III(B)(1). The registration process includes the completion and filing of an Online System Access Designation form which requires the representative to provide an email address for the receipt of automated filing notifications. Electronic Filing Guidelines, II(D) and III(B)(1). The exhibit attached to the Department's motion

---

1. *See* Merit Protection Commission Electronic Filing Guidelines, II(A)(1), http://www.ok.gov/ okmpc/documents/MPC% 20EF% 20Guidelines.pdf.

to dismiss shows that Slate's representative filed Slate's appeal with the Commission by electronically uploading his initial pleading at 3:21 p.m., on July 5, 2011. The same exhibit shows that the Director's Order of Dismissal was uploaded and filed in the system at 11:06 a.m. on July 6, 2011, and that a pleading titled "Information for Requesting Reconsideration" was filed by Commission staff the following minute. An electronic record is deemed sent when it is addressed "to an information processing system that the recipient has designated or uses for the purpose of receiving electronic records or information...." 12A O.S.2011 15–115(a)(1). The Commission's electronic filing system was the system designated by Slate's representative for the purpose of receiving the Director's Order of Dismissal when he registered as an electronic filer with the Commission. The Commission's electronic filing system is consistent with the requirements for service of matters governed by the Oklahoma Pleading Code:

> Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or the party or by mailing it ... or by electronic means if the attorney or party consents in writing to receiving service in a particular case by electronic means and the attorney or party provides instructions for making the electronic service consented to by the attorney or party.

12 O.S.2011 2005(B).

¶8 On receipt of Slate's July 5, 2011 appeal, the Executive Director was required to "determine if the [twenty day] jurisdictional requirements ... have been met [and, if not], notify both the employee and the agency within five (5) calendar days after the receipt of a written appeal request." 74 O.S.2011 840–6.5. The Director's July 6, 2011 Order of Dismissal satisfied this requirement. The electronic notice of the Director's decision provided by the Commission's electronic filing system, and evidenced by the exhibit to the Department's motion, satisfies the notice requirement of section 312 of the Administrative Procedures Act. Slate's argument that the Department's exhibit does not show that he received the Director's Order of Dismissal is unpersuasive. First, Slate does not deny that he or his representative received the Order at some point; the Order is referenced in Slate's Appeal from Order of the Merit Protection Commission filed with the district court. Second, Slate's argument is not evidence. *Willis v. Sequoyah House, Inc.,* 2008 OK 87, ¶13, 194 P.3d 1285, 1290 (unsworn, conclusory statements contained in a brief do not constitute evidence). Consequently, there is no evidence in this record showing that Slate did not electronically receive notice of the Director's Order of Dismissal on July 6, 2011. Therefore, Slate's appeal filed more than thirty days later failed to confer jurisdiction on the district court to entertain Slate's appeal of the Director's Order of Dismissal.

### CONCLUSION

¶9 Slate's appeal of the Director's July 6, 2011 Order of Dismissal was filed beyond the statutorily permitted time to appeal that decision to the district court. The district court correctly granted the Department's motion to dismiss Slate's appeal. The decision of the district court is affirmed.

¶10 **AFFIRMED.**

GOODMAN, V.C.J., and WISEMAN, J., concur.