OSCN Found Document:SLATE v. BUSSEY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SLATE v. BUSSEY
2015 OK CIV APP 52
350 P.3d 426
Case Number: 112493
Decided: 04/17/2015
Mandate Issued: 05/20/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 52, 350 P.3d 426

 

TROY SLATE, Plaintiff/Appellant,
v.
SUSAN BUSSEY, in her 
capacity as Executive Director of the OKLAHOMA MERIT PROTECTION COMMISSION; and 
JUSTIN JONES, in his capacity as Executive Director of the OKLAHOMA DEPARTMENT 
OF CORRECTIONS, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, 
OKLAHOMA
HONORABLE THAD BALKMAN, TRIAL JUDGE

AFFIRMED

Gaylon C. Hayes, HAYES LEGAL GROUP, P.C., Oklahoma City, Oklahoma, for 
Plaintiff/Appellant
Michele J. Minietta, DEPARTMENT OF CORRECTIONS, Oklahoma 
City, Oklahoma, for Defendant/Appellee Department of Corrections


JOHN F. FISCHER, PRESIDING JUDGE:
¶1 Troy Slate appeals the dismissal by the district court of his appeal from 
an adverse decision by the Oklahoma Merit Protection Commission. The appeal has 
been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 
1.36, 12 O.S. Supp. 2013, ch. 15, app. 1, and the matter stands submitted 
without appellate briefing. Slate's appeal of the Commission's decision was not 
filed within the statutorily required time. Therefore, the district court lacked 
jurisdiction to entertain Slate's appeal. The district court's order dismissing 
Slate's appeal is affirmed.
BACKGROUND
¶2 Slate was a permanent classified employee of the Oklahoma Department of 
Corrections. The Department terminated Slate on June 3, 2011. Slate received 
notice of his termination on June 8, 2011. Slate appealed this adverse agency 
action to the Commission on July 5, 2011, pursuant to 74 O.S.2011 § 840-6.5 
(amended eff. Aug. 24, 2012), providing a system for the "prompt, fair, and 
equitable" disposition of appeals to the Commission by permanent classified 
employees who have been discharged. The Commission's Executive Director, by 
order dated and filed July 6, 2011, dismissed Slate's appeal because it was not 
filed within twenty days after Slate received notice of his termination citing 
section 840-6.5, which provided, in part: "Within twenty (20) calendar days 
after receiving the written notification [of termination] the employee may file 
a written request for appeal with the Oklahoma Merit Protection Commission." 74 
O.S.2011 § 840-6.5(c).
¶3 Slate appealed the Director's Order of Dismissal to the district court. 
His appeal was filed on December 16, 2011. The Department moved to dismiss 
Slate's appeal citing 75 O.S.2011 § 
318(B)(2) of the Administrative Procedures Act, which requires an appeal 
from an agency final order to be filed "within thirty (30) days after the 
appellant is notified of the final agency order as provided in Section 312 of 
this title." The district court granted the Department's motion but allowed 
Slate thirty days to file an amended appeal. Within the allotted time, Slate 
filed an Amended Petition asserting breach of contract, due process violations, 
fraud, gross negligence and violation of 42 U.S.C. § 1983 on the part of the 
Department with respect to his termination. Slate's Amended Petition did not 
address the timeliness, or lack thereof, of his initial appeal to the district 
court. The Department again moved to dismiss, arguing Slate's untimely filing 
deprived the district court of jurisdiction to hear his appeal of the Director's 
order. Slate appeals the district court's order granting the Department's second 
motion to dismiss.
STANDARD OF REVIEW
¶4 The standard of review for questions of law concerning the district 
court's jurisdiction is de novo. Dilliner v. Seneca-Cayuga Tribe of 
Okla., 2011 OK 61, ¶ 12, 258 P.3d 516, 519. De novo review 
requires plenary, independent, and non-deferential review of the district 
court's legal rulings. In re Estate of Bell-Levine, 2012 OK 112, ¶ 5, 293 P.3d 964, 966.
ANALYSIS
¶5 The thirty-day time period specified in 75 O.S.2011 § 318 for appealing a 
final agency order to the district court is jurisdictional. Conoco, Inc. v. 
State Dep't of Health, 1982 OK 
94, ¶ 11, 651 P.2d 125, 128. 
The thirty-day period begins to run from the date Slate was "notified either 
personally or by certified mail . . . ." 75 O.S.2011, § 312. The Department 
included with its motion to dismiss a copy of the Director's Order of Dismissal 
and a printout of a web page showing that the order had been electronically 
filed on July 6, 2011, at 11:06 a.m. Slate argues this exhibit is not evidence 
that he was notified of the Director's July 6, 2011 order of dismissal and that 
the Commission's "e-file system had failed to operate and was in fact down at 
the time [Slate] attempted to file his appeal." The dispositive issue in this 
appeal is not whether the Commission's electronic filing system was unavailable 
when Slate initially filed his appeal; the question is whether Slate filed his 
appeal through the district court's conventional filing system within thirty 
days after receiving notice of the Director's Order of Dismissal. This Opinion 
is confined to that issue.
¶6 Unless a waiver for conventional filing is granted, the Commission's 
electronic filing system is mandatory for all appeals filed by State employees 
from an adverse action by their employer.[1] In adopting this electronic system, the Commission 
has exercised its statutory option pursuant to the Uniform Electronic 
Transactions Act (12A O.S.2011 §§ 
15-101 to 15-121) to "send and accept electronic records and electronic 
signatures to and from other persons and otherwise create, generate, 
communicate, store, process, use, and rely upon electronic records and 
electronic signatures." 12A O.S.2011 
§ 15-118(a). The Commission's Electronic Filing Guidelines specify "the 
manner and format in which the electronic records [concerning adverse agency 
action appeals] must be created, generated, sent, communicated, received, and 
stored . . . ." 12A O.S.2011 § 
15-118(b)(1). Unless conventional filing is authorized, the Commission's 
Electronic Filing Guidelines (1) require all users, including the Director, to 
file all pleadings and documents through the electronic system; (2) provide that 
the filings are automatically recorded with the date and time of filing and 
included in the "Pleadings docket and History log" for each proceeding; and (3) 
establish an automated email notification to authorized users generated by any 
filing. Electronic Filing Guidelines, II. The Pleadings docket and History log 
are accessible by any user authorized to view information and documents online 
with respect to a particular proceeding. Id. And, the electronic files 
maintained by the system constitute the Commission's official record regarding 
an employee's appeal. Electronic Filing Guidelines, II(I).
¶7 In order to participate in the Commission's electronic filing system, a 
petitioner, like Slate or in this case Slate's representative, is required to 
register with the Commission as an electronic filer. Electronic Filing 
Guidelines, III(B)(1). The registration process includes the completion and 
filing of an Online System Access Designation form which requires the 
representative to provide an email address for the receipt of automated filing 
notifications. Electronic Filing Guidelines, II(D) and III(B)(1). The exhibit 
attached to the Department's motion to dismiss shows that Slate's representative 
filed Slate's appeal with the Commission by electronically uploading his initial 
pleading at 3:21 p.m., on July 5, 2011. The same exhibit shows that the 
Director's Order of Dismissal was uploaded and filed in the system at 11:06 a.m. 
on July 6, 2011, and that a pleading titled "Information for Requesting 
Reconsideration" was filed by Commission staff the following minute. An 
electronic record is deemed sent when it is addressed "to an information 
processing system that the recipient has designated or uses for the purpose of 
receiving electronic records or information . . . ." 12A O.S.2011 § 15-115(a)(1). The 
Commission's electronic filing system was the system designated by Slate's 
representative for the purpose of receiving the Director's Order of Dismissal 
when he registered as an electronic filer with the Commission. The Commission's 
electronic filing system is consistent with the requirements for service of 
matters governed by the Oklahoma Pleading Code:

 
 Service upon the attorney or upon a party shall be made by delivering a 
 copy to the attorney or the party or by mailing it . . . or by electronic 
 means if the attorney or party consents in writing to receiving service in a 
 particular case by electronic means and the attorney or party provides 
 instructions for making the electronic service consented to by the attorney 
 or party.
12 O.S.2011 § 2005(B).
¶8 On receipt of Slate's July 5, 2011 appeal, the Executive Director was 
required to "determine if the [twenty day] jurisdictional requirements . . . 
have been met [and, if not], notify both the employee and the agency within five 
(5) calendar days after the receipt of a written appeal request." 74 O.S.2011 § 
840-6.5. The Director's July 6, 2011 Order of Dismissal satisfied this 
requirement. The electronic notice of the Director's decision provided by the 
Commission's electronic filing system, and evidenced by the exhibit to the 
Department's motion, satisfies the notice requirement of section 312 of the 
Administrative Procedures Act. Slate's argument that the Department's exhibit 
does not show that he received the Director's Order of Dismissal is 
unpersuasive. First, Slate does not deny that he or his representative received 
the Order at some point; the Order is referenced in Slate's Appeal from Order of 
the Merit Protection Commission filed with the district court. Second, Slate's 
argument is not evidence. Willis v. Sequoyah House, Inc., 2008 OK 87, ¶ 13, 194 P.3d 1285, 1290 (unsworn, 
conclusory statements contained in a brief do not constitute evidence). 
Consequently, there is no evidence in this record showing that Slate did not 
electronically receive notice of the Director's Order of Dismissal on July 6, 
2011. Therefore, Slate's appeal filed more than thirty days later failed to 
confer jurisdiction on the district court to entertain Slate's appeal of the 
Director's Order of Dismissal.
CONCLUSION
¶9 Slate's appeal of the Director's July 6, 2011 Order of Dismissal was filed 
beyond the statutorily permitted time to appeal that decision to the district 
court. The district court correctly granted the Department's motion to dismiss 
Slate's appeal. The decision of the district court is affirmed.

¶10 AFFIRMED.

GOODMAN, V.C.J., and WISEMAN, J., concur.

FOOTNOTES

[1] 
See Merit Protection Commission Electronic Filing Guidelines, II(A)(1), 
http://www.ok.gov/okmpc/documents/MPC%20EF%20Guidelines.pdf.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2008 OK 87, 194 P.3d 1285, WILLIS v. SEQUOYAH HOUSE, INC.
Discussed
 2011 OK 61, 258 P.3d 516, DILLINER v. SENECA-CAYUGA TRIBE OF OKLAHOMA
Discussed
 2012 OK 112, 293 P.3d 964, IN THE MATTER OF THE ESTATE OF BELL-LEVINE
Discussed
 1982 OK 94, 651 P.2d 125, Conoco, Inc. v. State Dept. of Health
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2005, Service and Filing of Pleadings and Other Papers
Cited
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 312, Final Agency Orders - Contents - Notification
Cited
 75 O.S. 318, Judicial Review
Discussed
Title 12A. Uniform Commercial Code
 Cite
Name
Level

 12A O.S. 15-101, Short Title
Cited
 12A O.S. 15-115, Time and Place of Sending and Receipt
Cited
 12A O.S. 15-118, Acceptance and Distribution of Electronic Records by Governmental Agencies
Discussed