OSCN Found Document:IN THE MATTER OF J.S., JR.

 

 
 IN THE MATTER OF J.S., JR.2026 OK CIV APP 4Case Number: 123281Decided: 01/23/2026Mandate Issued: 02/19/2026THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA DIVISION I
Cite as: 2026 OK CIV APP 4, __ P.3d __

 

In the Matter of J.S., Jr., Alleged Deprived Child, ASHLEY TEAGUE, Appellant,
vs
STATE OF OKLAHOMA, Appellee.

APPEAL FROM THE DISTRICT COURT OF
CREEK COUNTY, OKLAHOMA

HONORABLE LAURA FARRIS, TRIAL JUDGE

AFFIRMED

Yvette Braaks Hart, HART BILINGUAL SERVICES, LLC, Tulsa, Oklahoma, -and Sheri L. Eastham, Sapulpa, Oklahoma, For Appellant,

Stephen Rouse, CREEK COUNTY DISTRICT ATTORNEY'S OFFICE, Sapulpa, Oklahoma, For Appellee.

ROBERT D. BELL, JUDGE:

¶1 In this deprived child proceeding, Appellant, Asheley Teague, the biological mother of J.S., JR. (JSJ), the minor child, appeals from the district court's order terminating her parental rights. The State of Oklahoma (State) moved to terminate Mother's parental rights, Mother waived a jury trial, and then Mother failed to appear at two subsequent scheduled hearings which were noticed by announcements memorialized in minute orders. The court minute order dated May 30, 2025, stated Mother failed to appear, but quantified "default under advisement pending best interest." Mother appeared at the best interest trial set on June 2, 2025. State's witness was sworn and examined and testified as to the child's best interest. After the best interest trial, the district court found reasonable efforts were made, Mother failed to make the corrections and termination was in the child's best interest. On appeal, Mother claims the district court erred in terminating her parental rights because the notices of May 30, 2025, hearing, i.e. the non-jury trial date, and June 2, 2025, best interest hearing were legally insufficient under 10A O.S. 2021 §1-4-905

¶2 The Department of Human Services (DHS) took JSJ, born October 14, 2024, into emergency custody immediately after the child's birth based on allegations that JSJ was positive for amphetamine, methamphetamine, oxycodone, oxymorphones and opiates. At the time of the child's birth, Mother tested positive for methamphetamine. The State of Oklahoma filed a petition to adjudicate JSJ deprived and to terminate both biological parents' rights because (1) Mother has a history of substance abuse, mental health issues, and failed to receive any prenatal care for the child, 2) father has a history of substance abuse, he failed to protect the child from exposure to substance abuse, and he failed to seek/provide any prenatal care for the child, and 3) both Mother and father have a child welfare history wherein their parental rights to two children have previously been terminated.

¶3 State filed a petition requesting the court to adjudicate the child deprived and to terminate both parents' rights pursuant to 10A O.S. 2021 §1-4-904

FAILURE TO APPEAR AT THE HEARING OR TRIAL ON THIS PETITION CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR THESE CHILDREN) AS DEPRIVED AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD OR CHILDREN OR THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD OR CHILDREN.

IF TERMINATION OF PARENTAL RIGHTS IS REQUESTED IN THIS PETITION, THE PARENT(S) NAMED ABOVE ARE HEREBY NOTIFIED BY SERVICE OF A COPY OF THIS PETITION THAT THEIR FAILURE TO APPEAR AT THE HEARING OR TRIAL ON THIS PETITION SHALL CONSTITUTE A DENIAL OF ANY INTEREST IN THEIR CHILD(REN), WHICH MAY RESULT, WITHOUT FURTHER NOTICE, IN THE GRANTING OF THIS PETITION AND THE TERMINATION OF PARENTAL RIGHTS TO THE CHILD(REN) NAME HEREIN.

The docket sheet shows Mother and father were both served with the petition, the child was adjudicated deprived, and the next hearing was set for adjudication disposition. Mother does not dispute she was personally served with the petition. Every fact not disputed by the record must be regarded as supportive of the trial court's ruling. Willis v. Sequoyah House, Inc., 2008 OK 87194 P.3d 1285

¶4 The docket

¶5 The order terminating Mother's parental rights stated Mother failed to appear after having received notice of the hearing date in open court and Mother's failure to appear constituted consent to termination. The order also confirms the court proceeded to hear testimony and consider evidence in support of the allegations in the petition in Mother's absence. The court found termination was just and proper pursuant to §1-4-904(B)(6)(9) and (13) and termination of parental rights was in the child's best interest. Mother now appeals from the order terminating her parental rights. 

¶6 Mother raises three issues on appeal. The first two issues are whether the district court erred in terminating Mother's parental rights based on Mother's argument that she did not have proper notice of hearings on April 2, 2025, and May 30, 2025, because neither notice contained the language required by §1-4-905(A)(2) and neither notice was provided to Mother by personal delivery, publication or certified mail as required by §1-4-905(A)(1).

¶7 Section §1-4-905 allows a consent judgment to be entered in a termination case for a parent's failure to appear. Subsections 1-4-905(A)(1) and (2) provide:

A. 1. Prior to a hearing on the petition or motion for termination of parental rights, notice of the date, time, and place of the hearing and a copy of the petition or motion to terminate parental rights shall be served upon the parent who is the subject of the termination proceeding by personal delivery, by certified mail, or by publication as provided for in Section 1-4-304 of this title.

2. The notice to the parents shall contain the following or substantially similar language:

"FAILURE TO PERSONALLY APPEAR AT THIS HEARING CONSTITUTES CONSENT TO THE TERMINATION OF YOUR PARENTAL RIGHTS TO THIS CHILD OR THESE CHILDREN. IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION OR MOTION ATTACHED TO THIS NOTICE."

¶8 Mother does not dispute the petition containing this language was personally served upon her. Instead, Mother claims §1-4-905(A)(2)'s language must be set forth in every court notice of subsequent hearing dates after a statutory compliant petition for termination of parental rights has been legally served on a parent.

¶9 In construing statutes, this Court must look to the language of the statute and presume the Legislature has expressed its intent and intended what it expressed. Messer-Bowers Co., Inc. v. State ex rel. Okla. Water Res. Bd., 2000 OK 548 P.3d 877

The failure of a parent who has been served with notice under this section to personally appear at the hearing shall constitute consent to the termination of parental rights by the parent given notice. When a parent who appears voluntarily or pursuant to notice is directed by the court to personally appear for a subsequent hearing on a specified date, time and location, the failure of that parent to personally appear, or to instruct his or her attorney to proceed in absentia at the trial, shall constitute consent by that parent to termination of his or her parental rights.

This provision clearly permits the court to direct a parent to attend subsequent hearing dates without having to include the statutory language at §1-4-905(A)(2).

¶10 The next question is whether §1-4-905(A)(1) requires that all court notices of subsequent hearings - after the service of the legally compliant petition for termination - must be served upon Mother as set forth at §1-4-304. This Court holds the language of §1-4-905(A)(1) and (A)(5) do not require delivery of notice of subsequent hearings as provided in §1-4-304.

¶11 Mother further contends in her appellate brief that she was not provided with proper notice of the June 2, 2025, best interest hearing, because the court minute setting this hearing date did not meet the statutory notice requirement. For the reasons discussed above, this Court rejects Mother's assertion that the notice of the June 2, 2025, hearing was legally insufficient. Additionally, Mother personally attended the June 2, 2025, hearing; thus, her claim that the notice was fatally deficient was waived. "When one makes a general appearance, the person is submitting to the jurisdiction of the court as if the person had been served with the petition and summons and cannot then contest the sufficiency of the proceeding's notice." Schweigert v. Schweigert, 2015 OK 20348 P.3d 696 citing 12 O.S. 2021 §2004

¶12 Mother next challenges the district court's determination that it was in the child's best interest to terminate Mother's parental rights. "In parental termination cases, the State must show by clear and convincing evidence that the child's best interest is served by the termination of parental rights." In re C.D.P.F., 2010 OK 81243 P.3d 21

¶13 AFFIRMED.

SWINTON, P.J., and GOREE, J., concur.

FOOTNOTES

In re M.K.T., 2016 OK 4368 P.3d 771